IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAPID CITY REGIONAL HOSPITAL**<br>**353 Fairmont Boulevard**<br>**Rapid City, SD 57701**<br>       **Plaintiff** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **v.** | )<br>) |
| **MICHAEL O. LEAVITT,**<br>Secretary, U.S. Department of<br>**Health and Human Services**<br>**200 Independence Ave., S.W.**<br>**Washington, D.C. 20201**<br>      **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>) |

## ORIGINAL COMPLAINT

Now comes the Plaintiff, Rapid City Regional Hospital and, for its Complaint seeking review of the Provider Reimbursement Review Board's (PRRB) decision to dismiss Plaintiff's Appeal of its Notice of Program Reimbursement for the fiscal year ending June 30, 1999, states as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.  This Civil Action is brought pursuant to Title XVIII of the Social Security Act, as amended, 42 U.S.C. §§1395 *et seq.* and specifically 42 U.S.C. § 1395oo(f) which permits judicial review of final decisions of the PRRB; the regulations governing appeals before the PRRB, 42 C.F.R. §§ 405.1801 *et seq.*; 5 U.S.C. § 551 *et seq.;* 5 U.S.C. 701 *et seq.*; and the United States Constitution.

2.      The U.S. District Court for the District of Columbia has jurisdiction over this matter pursuant to 42 U.S.C. § 1395oo(f), which permits for judicial review over PRRB final decisions.

3.      Venue in the District of Columbia is proper pursuant to 42 U.S.C. § 1395oo(f), which provides for venue, either in the District of Columbia or in the judicial district in which the Plaintiff is located.

4.      Plaintiff Rapid City Regional Hospital (Medicare Provider No. 43-0077) is a not-for-profit regional medical center operated in trust for the community of Rapid City, South Dakota.  Plaintiff was entitled to certain payments under the Medicare Act, known as Disproportionate Share Hospital (DSH) payments, which are calculated by the Defendant's Fiscal Intermediaries.  Plaintiff filed an appeal with the PRRB to challenge the Fiscal Intermediary's DSH payment calculation for the fiscal year ending June 30, 1999.  This civil action is brought to challenge the dismissal of that appeal by the PRRB.

5.      The Defendant is the Secretary of the United States Department of Health and Human Services, which is the federal agency charged with carrying out the requirements of the Medicare Act and which is ultimately responsible for the actions of the PRRB.

## II.  BACKGROUND FACTS

6.      On or about October 21, 2005, the Defendant's Fiscal Intermediary submitted a Notice of Program Reimbursement (NPR) for the hospital's fiscal year ending June 30, 1999.  This NPR included a specific reimbursement amount to compensate the Plaintiff for the DSH payment.

7.  Believing that the Fiscal Intermediary had erred in calculating its DSH payment, on April 21, 2006, the Plaintiff timely filed an appeal of the NPR with the PRRB.

8.  The Plaintiff's appeal identified the errors that the Fiscal Intermediary committed when it made the incorrect DSH payment calculation.  Namely, the Plaintiff identified that the intermediary: 1) incorrectly calculated the "disproportionate patient percentage," which is one of the figures used in calculating the ultimate DSH payment and failed to substantiate its calculations by furnishing "the matching data from which the SSI proxy had been derived;" and 2) contrary to 42 C.F.R. 412.106(b)(4), "failed to include as Medicaid Eligible Days, services to patients for Medicaid, as well as patients eligible for general assistance."

9.  The PRRB served the parties with an Acknowledgment Letter (Acknowledgment Letter) that established certain deadlines, including a deadline by which the Plaintiff was to provide the Fiscal Intermediary with a "Preliminary Position Paper."

10. There is no federal regulation that requires the parties to exchange Preliminary Position Papers, and no federal regulations define the required contents of a Preliminary Position Paper.  Moreover, the PRRB's instructions do not specify what information must be provided in the Preliminary Position Paper.

11. The only requirement that can be derived from the PRRB's instructions are that the Preliminary Position Paper must be sufficient to inform the Fiscal Intermediary of the issues involved in the appeal so that the parties may

3

attempt to reach a settlement of the dispute and so that the Fiscal Intermediary may prepare its own Preliminary Position Paper.

12.    The Plaintiff's April 21, 2006 appeal letter, which was copied to the Fiscal Intermediary, provided the Fiscal Intermediary with sufficient information to identify the issues in dispute (referenced *supra*) in order to determine whether settlement was appropriate and to draft its own Preliminary Position Paper.

13.    Due to an administrative error, the Plaintiff misplaced the Acknowledgment Letter and failed to serve a Preliminary Position Paper upon the Fiscal Intermediary by the deadline.

14.    The PRRB dismissed the Plaintiff's appeal on August 23, 2006.

15.    In accordance with the PRRB's instructions, the Plaintiff submitted its Preliminary Position Paper, along with its Motion to Reinstate Appeal on September 8, 2006.  Even though the Plaintiff's Preliminary Position Paper was submitted beyond the deadline, it was submitted well before the Fiscal Intermediary's deadline to provide the Plaintiff with a Preliminary Position Paper of its own (October 1, 2006).

16.    Neither of the Parties to this complaint was prejudiced by the Plaintiff's failure to file its Preliminary Position Paper before the deadline imposed in the Acknowledgment Letter.  Even if the Plaintiff had met all briefing deadlines provided for in the Acknowledgement Letter, the appeal would not have proceeded because all appeals involving issues related to DSH payments have been held in abeyance until the State of South Dakota provides documentation to Providers relating to Medicaid Eligible days.

17.     Neither 42 U.S.C. § 405.1869, which defines the scope of the Board's

decision-making authority, nor 42 U.S.C. § 1395oo (which created the PRRB)

permit the board the authority to dismiss an appeal for failure to comply with

its procedural rules.    In fact 42 U.S.C. § 405.1869 states that the Board's

authority is only to "affirm, modify, or reverse a determination of an

intermediary."

18.     According to the PRRB's instructions, which were not propounded by notice

and comment, the PRRB may dismiss an appeal if the Provider misses any

deadline.        The      instructions     on     the     PRRB      website     (at

http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_Marc

h_03.pdf), read in pertinent part:

>   The parties must meet all due dates, regardless of any
>   outstanding jurisdictional challenges, motions or subpoena
>   requests.  Due dates can only be changed or eliminated by
>   written confirmation of the Board.  Because you are the
>   moving party, if you do not meet a due date, the Board will
>   dismiss your appeal.  The Board must have your position
>   paper, even if it does not have the intermediary's position
>   paper, as it is your burden to prove your case.  When you
>   do meet your due dates, but the intermediary does not meet
>   its due dates, the Board will refer the matter to CMS for
>   contract compliance, and the case will proceed to a hearing,
>   as if all parties have met their due dates.

19.     While the PRRB's instructions permit it to dismiss a Provider's appeal if the

Provider misses its deadline to file the Preliminary Position Paper, those

instructions do not include any reciprocal penalty in the case that the Fiscal

Intermediary commits the same error of failing to file its Preliminary Position

Paper by the deadline.

20.    The PRRB has not yet responded to the Plaintiff's Motion to Reinstate Appeal, and this civil action is being filed now in order to comply with 42 U.S.C. 1395oo(f), which requires the Plaintiff to file a civil action requesting review of a final decision within 60 days of its receipt of the final decision.

21.    The Plaintiff received the PRRB's final decision dismissing its appeal on August 28, 2006, and this civil action is filed within the 60-day period established in 42 U.S.C. 1395oo(f).

### III.  LEGAL CLAIMS

22.    The Plaintiff reiterates, restates and incorporates by reference each of the above-enumerated paragraphs as if specifically restated here.

23.    By dismissing the Plaintiff's claim for failure to serve a Preliminary Position Paper upon the Fiscal Intermediary, the PRRB has deprived the Plaintiffs of its property and rights, without substantive or procedural due process in violation of the Fifth Amendment to the United States Constitution.

24.    By dismissing the Plaintiff's appeal for failure to serve a Preliminary Position Paper upon the Fiscal Intermediary, the PRRB acted beyond the authority granted to it by Congress and in violation of 42 U.S.C. § 405.1869, which grants the Board authority only to "affirm, modify, or reverse a determination of an intermediary," but not to dismiss appeals on procedural grounds without a hearing on the merits.  As such, the PRRB's action was in violation of 5 U.S.C. § 706(2)(C)

25.    The PRRB's instructions, including the instructions that an appeal before it may be dismissed, were promulgated in violation of 42 U.S.C. § 1395hh(a)(2) and 5 U.S.C. § 553; as such, the PRRB's action violated 42 U.S.C. 706(2)(D).

26.    By dismissing the Plaintiff's appeal for failure to serve a Preliminary Position Paper upon the Fiscal Intermediary, the PRRB acted arbitrarily and capriciously in violation of 5 U.S.C. § 706(2)(A).

27.    By dismissing the Plaintiff's appeal for failure to serve a Preliminary Position Paper upon the Fiscal Intermediary under the circumstances described herein (including but not limited to the facts that: (1) no party was prejudiced by the Provider's delay in submitting its Preliminary Position Paper; (2) the PRRB's instructions do not indicate what information is to be included in a Preliminary Position Paper; (3) the Plaintiff's April 21, 2006 appeal letter identified the issues involved in the appeal and provided the Fiscal Intermediary sufficient information to contemplate settlement and prepare its own Preliminary Position Paper; (4) the Plaintiff moved to Reinstate its appeal and supplied the required Preliminary Position Paper well before the Fiscal Intermediary's deadline to submit a Preliminary Position Paper; and (5) there is no reciprocal sanction of dismissal in the event that the Fiscal Intermediary fails to submit a Preliminary Position Paper by the established deadline), the PRRB abused any discretion it had with regard to any legal authority it may have had to dismiss the Plaintiff's appeal, in violation of 5 U.S.C. § 706(2)(A).

28.    By failing to reinstate the Plaintiff's appeal pursuant to its own instructions,

the PRRB abused its discretion in violation of 5 U.S.C. § 706(2)(A).

WHEREFORE,

The Plaintiff seeks a final order holding the PRRB's dismissal to be invalid and of

no effect, and setting aside the same, and compelling the PRRB to reinstate the Plaintiff's

appeal.  The Plaintiff furthermore seeks any other appropriate relief, including but not

limited to an order requiring the Defendant to pay its reasonable attorneys fees and costs

associated with bringing and prosecuting this civil action, given that this civil action was

necessitated by the PRRB's unlawful actions, abuse of discretion and/or willful and bad

faith conduct.


Respectfully Submitted
ALDERMAN & DEVORSETZ, PLLC


_____
Leslie D. Alderman III (D.C. Bar 477750)
1025 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com

Counsel for the Plaintiff

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

86-1828
GK

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rapid City Regional Hospital | Michael O. Leavitt, Secretary U.S. Department of Health and Human Services |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) 88888 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Leslie D. Alderman III, Alderman & Devorsetz, PLLC 1025 Connecticut Ave., NW Suite 1000 Washington, D.C. 20036 202-969-8220 | CASE NUMBER 1:06CV01828 JUDGE: Gladys Kessler DECK TYPE: Administrative Agency Review DATE STAMP: 10/ /2006 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

◯ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

◯ 3 Federal Question (U.S. Government Not a Party)

◯ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZEN
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

◯ **A. Antitrust**

☐ 410 Antitrust

◯ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◯ **C. Administrative Agency Review**

☒ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◯ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◯ **E. General Civil (Other)** OR ◯ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 1395oo, Dismissal of PRRB Appeal in violation of 5 U.S.C. § 706.

---

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in compl:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 10/24/06    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.