UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAPID CITY REGIONAL HOSPITAL,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and Human Services,<br><br>      Defendant. | Case No. 1:06CV01828 (GK) |

**DEFENDANT'S ANSWER**

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff Rapid City Regional Hospital ("RCR")'s Original Complaint ("Complaint") as follows:

FIRST DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

1. This paragraph contains conclusion of law and Plaintiff's characterization of this action and of Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 et. seq., 42 U.S.C. § 1395oo(f), 42 C.F.R. §§ 405.1801 et. seq., 5 U.S.C. § 551 et. seq., 5 U.S.C. § 701 et. seq., and the United States Constitution, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

2-3. These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

4. Denies the first sentence of this paragraph, except to admit that RCR is a not-for-profit entity which participated in the Medicare program and accordingly was subject to the Provider Reimbursement Review Board ("PRRB")'s orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions. The second sentence contains a conclusion of law, not allegations of fact, and thus no response is required. Admits the third sentence. The fourth sentence contains Plaintiff's characterization of this action, and thus no response is required.

5. Denies this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for the administration of the Medicare program, and that he has delegated considerable authority for the administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the Health Care Financing Administration ("HCFA")).

6. Admits.

7. Denies this paragraph, except to admit that, on or about April 21, 2006, RCR submitted an appeal to the Provider Reimbursement Review Board ("PRRB") concerning an October 21, 2005 Amended Notice of Program Reimbursement for RCR's fiscal year ending June 30, 1999. By way of further answer, Defendant avers that Plaintiff's assertion that its

appeal was "timely" is a conclusion of law, not an allegation of fact, and thus no response is required.

8. This paragraph contains an excerpt from and Plaintiffs' characterization of RCR's April 21, 2006 letter to the PRRB, not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents. (See Certified Administrative Record ("A.R.") 6-7).

9. This paragraph contains excerpts from and Plaintiffs' characterization of one of two letters the PRRB sent to RCR on May 9, 2006, not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents. (See A.R. 3-4).

10-12. Denies.

13. Admits that RCR failed to serve a preliminary position paper upon the fiscal intermediary by the applicable deadline. Defendant lacks knowledge or information sufficient to allow him to admit or deny the remaining allegation in this paragraph.

14. This paragraph contains Plaintiff's characterization of the PRRB's August 23, 2006 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents (See A.R. 2).

15-17. Denies.

18-19.  These paragraphs contain an excerpt from and Plaintiff's characterizations of the PRRB's Instructions, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterizations of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

20.  Admits that the PRRB has not yet responded to the Motion to Reinstate, which RCR sent to the fiscal intermediary but failed to file with the PRRB.  The remainder of this paragraph contains Plaintiff's characterization of this action and of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

21.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegation that Plaintiff received the PRRB's final decision on August 28, 2006.  This paragraph contains Plaintiff's characterization of this action and of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

22.  The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 21 of the Complaint, as if each answer were set forth in full.

23-28.  Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies the

allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

_____/ s /_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5344
Washington, D.C. 20201
(202) 205-8703/FAX: (202) 401-1405

Counsel for the Secretary