# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAPID CITY REGIONAL HOSPITAL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-1828 (GK) |
| | ) | ECF |
| MICHAEL O. LEAVITT, | ) | |
| Secretary, United States Department of | ) | |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING OF ADMINISTRATIVE RECORD

Defendant, Secretary of Health and Human Services, United States Department of Health and Human Services, hereby files the attached administrative record in the above-captioned action. This record replaces the previously-filed administrative record, which inadvertently contained documents from another action.

Respectfully submitted,

/s/
Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
Megan L. Rose
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
Megan.Rose@usdoj.gov

## CERTIFICATE OF SERVICE

_____I hereby certify that the foregoing copy of the Defendant's Notice of Filing Of

Administrative Record with attached Administrative Record has been delivered by City Express,

this 26th day of February, 2007, addressed to:

Leslie D. Alderman, III
Alderman & Devorsetz, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036.

/s/
_____Megan L. Rose_____
Megan L. Rose
Assistant United States Attorney

RAPID CITY REGIONAL HOSPITAL

V.
MICHAEL O. LEAVTT

1:06CV01828

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RAPID CITY REGIONAL HOSPITAL,  )
      )
                 Plaintiffs,  )
      )
      )
         vs.           )  Case No. 1:06CV01828
      )
      )
MICHAEL O. LEAVITT, SECRETARY  )
DEPARTMENT OF HEALTH AND  )
HUMAN SERVICES,  )
      )
              Defendant.  )


# C E R T I F I C A T I O N

I, Jacqueline R. Vaughn, Attorney Advisor, Centers for Medicare and Medicaid Services, Department of Health and Human Services, under authority delegated by the Secretary, certify that the documents attached constitute a true and accurate transcript of the official file as furnished by the Provider Reimbursement Review Board (PRRB). These documents are the record of the PRRB's proceedings and dismissal concerning the Provider's appeal for fiscal year ending June 30, 1999 under Title XVIII of the Social Security Act, as amended.


Date: December 8, 2006

Jacqueline R. Vaughn

Rapid City Regional Hospital
PRRB Case No. 06-1638

## COURT TRANSCRIPTS INDEX

|  | Page No(s) |
|---|---|
| Provider's Letter, dated September 11, 2006, regarding Position Paper and a Motion to Reinstate | 1 |
| PRRB's Notice, dated August 23, 2006, of case closing | 2 |
| PRRB's Notices, dated May 9, 2006, Acknowledgement and Critical Due Dates | 3-5 |
| Provider's Letter, dated April 21, 2006, regarding Request for Medicare Appeal for FYE June 30, 1999 | 6-7 |

# REGIONAL HEALTH

P.O. Box 6000    Rapid City, SD 57709

**RECEIVED**

SEP 1 3 2006

**PROVIDER REIMBURSEMENT
REVIEW BOARD**

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

September 11, 2006

Mr. Doug Foote
Senior Auditor
Provider Audit & Reimbursement
Cahaba Government Benefit Administrators
400 E. Court Avenue
Des Moines, IA  50309-2017

| Re: | Provider Name | : | **Rapid City Regional Hospital** |
|---|---|---|---|
| | Provider Number | : | **43-0077** |
| | PRRB Case Number | : | **06-1638** |
| | Fiscal Year Ended | : | **June 30, 1999** |
| | **Preliminary Position Paper & Motion to Reinstate** | | |

Dear Mr. Foote:

Enclosed please find a copy of the Provider's position paper and a Motion to Reinstate the above referenced appeal.

If you have any questions, please feel free to contact me at (605) 719-5578.

Sincerely,

David Goehring
Controller/Treasurer

cc:  Ms. Suzanne Cochran, Esq., Chairman, Provider Reimbursement Review Board, 2520 Lord Baltimore Drive, Ste. L, Baltimore, MD  21244-2670 (front page only).

Mr. Wilson C. Leong, Director, Medicare Appeals, BCBSA, 225 N. Michigan Avenue, Suite 400, Chicago, IL 60601 (w/o encl).

Enclosure



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

## CERTIFIED MAIL

AUG 2 3 2006

Rapid City Regional Hospital
David Goehring
Director of Budget/Reimbursement
353 Fairmont Boulevard
Rapid City, SD 57701

RE:  R apid City Regional Hospital, Provider No. 43-0077, FYE 6/30/1999, Case No. 06-1638

Dear Mr. Goehring:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of August 2006.  You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure."  Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board.  Therefore, the Board hereby closes this case and removes it from the docket.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

*Yvette C. Hayes*

Board Member

cc:  Cahaba Government Benefit Administrators
     Craig Mateer
     Unit Manager
     400 East Court Avenue, P.O. Box 14537
     Des Moines, IA 50306

     Wilson C. Leong
     BC & BS Association
     225 North Michigan Avenue
     Chicago, IL  60601-7680

Certified Article Number
7160 3901 9849 5949 7006
SENDERS RECORD

2



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

## CERTIFIED MAIL

Rapid City Regional Hospital
David Goehring
Director of Budget/Reimbursement
353 Fairmont Boulevard
Rapid City, SD 57701

MAY 0 9 2006

RE: Acknowledgement and Critical Due Dates
     Case Number: 06-1638
     Date Filed: 4/21/2006
     Provider Name: Rapid City Regional Hospital
     Provider Number: 43-0077
     Appealed Year – FYE: 6/30/1999

The Provider Reimbursement Review Board ("Board") has received your request for a hearing. You will need to obtain a copy of the Board's instructions which are located on the Board's web site at http://www.cms.hhs.gov/providers/prrb/prrb.asp. If internet access is not available to you, you may call the Board at (410) 786-2671 and request that a copy be mailed to you.

You must reference the case number and provider information on all correspondence with the Board. If any of the above information is incorrect, you must inform the Board, in writing, within 30 days of this letter.

<u>DUE DATES</u>

| Certified Article Number | Certified Article Number |
|---|---|
| 7160 3901 9849 1068 2611 | 7160 3901 9849 1068 2550 |
| SENDERS RECORD | SENDERS RECORD |

**1st of August 2006**
Provider's Preliminary Position Papers due to Intermediary (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of October 2006**
Intermediary's Preliminary Position Papers due to Provider (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of December 2006**
Final position papers due to the Board from both Parties.

Page 2

## DISMISSALS

You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact the Centers for Medicare and Medicaid Services (CMS) about contract compliance and will schedule a hearing date.

## TENTATIVE HEARING DATE

**April 2007:** Tentative month and year of hearing.

The Board will send you a Notice of Board Hearing to notify you of the specific time, date and location of the hearing. The Notice of Hearing will be issued at least 30 days prior to the actual hearing date.

## OPTIONS

You may make a written request, at any time, that:

> Your month of hearing be rescheduled to an earlier month;
> Your case be heard based on the submitted record;
> Your case be conducted by video or teleconference;
> Your case be resolved through alternative dispute resolution/mediation;
> Your case be reviewed in a pre-hearing conference with a Board member.

If you request any of these options, you must continue to meet with the due dates set forth in this letter until you are advised regarding your request by the Board.

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:    Cahaba Government Benefit Administrators
      Craig Mateer
      Unit Manager
      400 East Court Avenue, P.O. Box 14537
      Des Moines, IA 50306

      Wilson C. Leong
      BC & BS Association
      225 North Michigan Avenue
      Chicago, IL  60601-7680



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671            FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Martin W. Hoover, Jr., Esq.
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani

Refer to:    06-1638        **Certified Mail**

MAY 0 9 2006

Rapid City Regional Hospital
David Goehring
Director of Budget/Reimbursement
353 Fairmont Boulevard
Rapid City, SD 57701

RE:   Rapid City Regional Hospital, Provider No. 43-0077, FYE 6/30/99, Case No. 06-1638
      **Request for Information**

Dear Mr. Goehring:

The Provider Reimbursement Review Board ("Board") is in receipt of your hearing request and has
assigned case number 06-1638.

Upon review, we note that you failed to submit pertinent information as specified in the Provider
Reimbursement Review Board's ("Board") instructions, which were revised effective March 1, 2002.
The Board's instructions are available on the Internet at **www.cms.hhs.gov/providers/prrb/prrb.asp** or you
may obtain a copy by calling the Board at (410) 786-2671.

We note that the Provider's hearing request failed to supply the Board with the following information:

X          A copy of the final determination being appealed.

X          A copy of the audit adjustment pages relating to the issue(s) in dispute,
           if applicable.

You must submit the information checked above within 30 days from the date of this letter.

Sincerely,

Steven R. Kirsh, Director
Division of Jurisdiction and Case Management

cc:    Cahaba Government Benefit Administrators
       Craig Mateer, Unit Manager
       400 East Court Avenue, P.O. Box 14537
       Des Moines, IA 50306

       Wilson C. Leong
       BC & BS Association
       225 North Michigan Avenue
       Chicago, IL 60601-7680

5



# RAPID CITY REGIONAL HOSPITAL

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

April 21, 2006



Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

Re:  Provider Name        :  **RAPID CITY REGIONAL HOSPITAL**
     Provider Number      :  **43-0077**
     Intermediary         :  **Cahaba Government Benefit Administrators**
     **Request for Medicare Appeal**

## NOTICE OF CORRECTION – PROGRAM REIMBURSEMENT

| <u>Notice Date</u> | <u>Fiscal Year</u> |
|---|---|
| October 21, 2005 | June 30, 1999 |

Dear Ms. Cochran:

The hospital respectfully appeals the under mentioned determinations of the Intermediary contained in the above NPR.

**Issue  :  Disproportionate Share Payment**

**SSI Proxy**

The Provider contends that the Intermediary did not determine Medicare DSH reimbursement in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5)(F)(i). Specifically, the provider disagrees with the intermediary's calculation of the computation of the disproportionate patient percentage set forth at 42 C.F.R. 412.106(b)(2)(i) of the Secretary's regulations. The provider contends that the intermediary did not furnish the matching data from which the SSI proxy had been derived, and that this validation information has been withheld on the basis of a statement in the commentary to the 1995 final rule for inpatient PPS. See 60 <u>Fed. Rep.</u> 45811-12 (Sept. 1 1995). The statement indicates that the SSI eligibility data used for this DSH calculation is not available to verify provider's disproportionate patient percentage because it is protected by the Privacy Act. The intermediary cannot support its reliance on a statement that occurs in the preamble of a published rule but is not supported by the regulatory text or by the authorizing statute.

Audited Adjustment #
Reimbursement Amount:  $69,158

Suzanne Cochran, Esq.
April 21, 2006
Page 2 of 2

**Issue 2 :  Disproportionate Share Payment**

**Medicaid Percentage (Eligible Days)**

The provider contends that the Fiscal Intermediary did not determine Medicare reimbursement for disproportionate share hospitals (DSH) in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5) (c)(i).  Specifically, the provider disagrees with the calculation of the second computation of the disproportionate share patient percentage, set forth at 42 CFR 412.106(b)(4) of the Secretary's regulations.  The intermediary, contrary to the regulation, failed to include as Medicaid-Eligible Days services to patients for Medicaid, as well as patients eligible for general assistance.

> Audited Adjustment #
> Reimbursement Amount:  $114,562

The Provider will be personally represented at the requested hearing by its designated representative.

If you have any questions, please feel free to contact us.

Sincerely,

David W. Goehring
Director, Budget & Reimbursement

cc:    Mr. Doug Foote, Senior Auditor, Provider Audit & Reimbursement, Cahaba Government Benefit Administrators, 400 E. Court Avenue, Des Moines, IA  50309-2017

Mr. Wilson C. Leong, Director, Medicare Appeals, Blue Cross & Blue Shield Association, 225 North Michigan Avenue, Suite 400, Chicago, IL  60601.

Enclosure

UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLUMBIA

RAPID CITY REGIONAL HOSPITAL
V.
MICHAEL O. LEAVITT
NO. 06-CV-01828 (GK)
ADMINISTRATIVE RECORD
VOLUME 1 OF 1

## IN UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

RAPID CITY REGIONAL HOSPITAL, )
                                           )
               Plaintiff,         )
                                             )
                                             )
        vs.                       ) Case No. 1:06CV01828
                                             )
                                             )
MICHAEL O. LEAVITT, SECRETARY )
DEPARTMENT OF HEALTH AND       )
HUMAN SERVICES,                )
                                             )
              Defendant.      )

## SUPPLEMENTAL CERTIFICATION

I, Jacqueline R. Vaughn, Attorney Advisor, Centers for Medicare and Medicaid Services, Department of Health and Human Services, under authority delegated by the Secretary, certify that the documents attached are true copies of the following:

     PRRB letter, dated December 29, 2006, regarding Motion to Reinstate in the case of Rapid City Regional Hospital, PRRB Case No. 06-1638

     Provider's December 6, 2006, Facsimile to the PRRB enclosing its Motion to Reinstate, dated September 8, 2006 regarding Rapid City Regional Hospital, PRRB Case No. 06-1638

These documents constitute the supplemental transcript in the above captioned case and have been designated pages 8-28.

Date: January 16, 2007

                                   Jacqueline R. Vaughn

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to

06-1638

David Goehring, Controller/Treasurer
Rapid City Regional Hospital
353 Fairmont Blvd
Rapid City, SD 57701

DEC 2 9 2006

     Rapid City Regional Hospital
     PRRB Case No: 06-1638
     FYE: 6/30/99
     Provider No: 43-0077

Dear Mr. Goehring:

The Provider Reimbursement Review Board notes that you filed a "Provider's Motion to Reinstate" with the Intermediary. If you want the Board to consider your motion, you must file, by mail, such motion directly with the Board. You must also send a copy of such motion to the Intermediary.

Additional requirements regarding reinstatement requests can be found in the Provider Reimbursement Review Board Instructions Part I.C.XIII.b. The Board's instructions are located on the Board's website at http://www.cms.hhs.gov/PRRBReview/. If internet access is not available to you, you may call the Board at 410-786-2671 and request that a copy be mailed to you.

Board Members:                              For the Board:
Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA                    *Elaine Crews Powell*
Anjali Mulchandani-West
Yvette C. Hayes                             Elaine Crews Powell, CPA
                                            Board Member

Cc: Craig Mateer, Cahaba Government Benefit Administrators
    Wilson Leong, BCBSA

Certified Article Number
7160 3901 9849 5952 8086
SENDERS RECORD

8

7160 3901 9849 5952 8086

**TO:**

David Goehring, Controller/Treasurer
Rapid City Regional Hospital
353 Fairmont Blvd.
Rapid City, SD 57701

**SENDER:** PRRB

**REFERENCE:** 06-1638

PS Form 3800, January 2005

| | | |
|---|---|---|
| RETURN RECEIPT SERVICE | Postage | |
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

| US Postal Service **Receipt for Certified Mail** No Insurance Coverage Provided Do Not Use for International Mail | POSTMARK OR DATE DEC 2 9 2006 |
|---|---|

**9**



# *RAPID CITY REGIONAL HOSPITAL*
## *BUDGET/REIMBURSEMENT DEPARTMENT*

## Fax Cover Sheet

**To:** Maureen Sacratini

Location:

Date: 12/06/06                                    Pages (including this page) 19

Fax #: 410-786-5298

Subject: Motion to reinstate letter

**From:** Pete Stach

Fax #: 605-719-5582                         Phone #: 605-719-5572

Message:

Maureen

Here is the Motion to Reinstate letter                    06-1638

Thanks

Pete

605-719-5572 • Fax 605-719-5582
353 Fairmont Blvd • Rapid City, SD 57709 • www.pstach@rcrh.org
This fax may contain **CONFIDENTIAL** information and is intended for the addressee only.
If you received this fax in error, please call the number listed above.

10



# REGIONAL HEALTH

P.O. Box 6000   Rapid City, SD 57709

___

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

September 8, 2006

Mr. Doug Foote
Senior Auditor
Provider Audit & Reimbursement
Cahaba Government Benefit Administrators
400 E. Court Avenue
Des Moines, IA  50309-2017

Re:   Provider Name      :   Rapid City Regional Hospital
      Provider Number    :   43-0077
      PRRB Case Number :   06-1638
      Fiscal Year Ended  :   June 30, 1999
      Preliminary Position Paper & Motion to Reinstate

Dear Mr. Foote:

Enclosed please find a copy of the Provider's position paper and a Motion to Reinstate the above referenced appeal.

If you have any questions, please feel free to contact me at (605) 719-8098.

Sincerely,

David Goehring
Controller/Treasurer

cc:   Ms. Suzanne Cochran, Esq., Chairman, Provider Reimbursement Review Board,
      2520 Lord Baltimore Drive, Ste. L, Baltimore, MD  21244-2670 (front page only).

      Mr. Wilson C. Leong, Director, Medicare Appeals, BCBSA, 225 N. Michigan
      Avenue, Suite 400, Chicago, IL 60601 (w/o encl).

Enclosure

Case 1:06-cv-01828-CK Document 13-2    Filed 02/26/2007    Page 17 of 33    003/019

# BEFORE THE

## PROVIDER REIMBURSEMENT REVIEW BOARD

| | |
|---|---|
| In the Matter of: | PRRB Case No. 06-1638 |
| **RAPID CITY REGIONAL HOSPITAL** | |
| Fiscal Year Ended:<br>**June 30, 1999** | |
| Provider No.:<br>**43-0077** | |

## PROVIDER'S MOTION TO REINSTATE

David Goehring
**Rapid City Regional Hospital**
353 Fairmont Blvd.
Rapid City, SD  57701

Telephone: (605) 719-8098
Facsimile : (605) 719-1578

12

## I.    **INTRODUCTION**

Rapid City Regional Hospital, a non-profit 360+ bed hospital located in South Dakota and owned by Rapid City Regional Hospital and Health System ("Provider") hereby requests that the Provider Reimbursement Review Board ("PRRB" or "Board") reinstate the Provider's above-captioned individual Medicare appeal. By a letter dated August 23, 2006, the Board dismissed the Provider's appeal because the Provider failed to submit a preliminary position paper to Cahaba Government Benefit Administrators ("Intermediary"). Although the Provider missed this deadline by a few weeks, there has been no harm or disadvantage to the Intermediary, as the issues involved in this appeal all pertain to disproportionate share ("DSH") payments and are very familiar to the Intermediary. Further, the nature of the issues was made clear in the Provider's appeal letter.

## II.   **PROCEDURAL HISTORY**

For its fiscal year ended June 30, 1999 ("FYE 6/30/99"), the Intermediary issued a notice of amount of program reimbursement ("NPR") to the Provider on October 21, 2005. In response to the NPR, on April 21, 2006, the Provider timely submitted to the PRRB a detailed and specific appeal of various Intermediary adjustments.[1] The appeal issues all pertain to DSH payments and are not unique issues.

The Provider's appeal letter included a detailed list of the appeal issues, a list of the specific adjustments disputed, a sufficient factual background, the Provider's position on those issues, citations to regulations and manuals, and reimbursement impacts for each appeal issue. Furthermore, the Provider sent this detailed appeal letter to the Board and to the Intermediary.

In August 2006, approximately 2-3 weeks after the Provider sent its appeal letter, the PRRB sent an acknowledgment letter with position paper deadlines. The PRRB set an August 1, 2006

---

[1] See Provider's Notice of Appeal, attached hereto as Exhibit A.

deadline for the Provider's preliminary position paper and a October1, 2006 deadline for the Intermediary's preliminary position paper. The acknowledgement letter further indicated that the parties' final position papers would be due to the PRRB on or before December 1, 2006. Finally, the PRRB's acknowledgment letter established April 2007 as a "tentative month" for a live hearing of this matter.

Due to an unfortunate miscommunication between the Provider and its own reimbursement consultant that was assisting with the Provider's DSH issues, the Provider failed to provide a preliminary position paper to the Intermediary, and on August 23, 2006, approximately one and one-half months after the Provider's preliminary position paper was due, the PRRB dismissed the Provider's appeal for such failure.

As discussed below, while the Provider will necessarily incur substantial harm should it lose the right to pursue its monetary claims pursuant to its FYE 6/30/99 cost report, no cognizable harm or prejudice will result to the PRRB or to the Intermediary from reinstatement of this matter.

## III. BASES FOR REINSTATEMENT

### A. The PRRB has the Explicit Authority to Reinstate the Provider's Appeal.

Pursuant to paragraph XIII(b) of the PRRB instructions, the PRRB has the explicit authority to reinstate an appeal dismissed by the Board, and specifically to reinstate an appeal for a Provider's failure to comply with PRRB procedures:

> The Board may consider provider requests to reinstate an appeal that has been dismissed…If you are requesting reinstatement because the Board dismissed your appeal for failure to comply with its procedures, you must explain in detail the reasons why you failed to comply. In general, this means the reasons you missed a position paper due date….Your request for reinstatement must specifically identify the issues you want reinstated, and you must provide the document or information that you did not submit timely, causing your appeal to be dismissed. The Board will then consider your reinstatement request.

2

14

Under the current arrangement between the Provider and its own independent reimbursement consultant, every dispute the Provider faces over Medicare reimbursement is sent by the Provider to its consultant for evaluation. Unfortunately, at some point during the pendency of this appeal, the PRRB acknowledgement letter was misplaced. It is not even known who misplaced the letter. Be it the Provider or the consultant, this occurrence was purely accidental and by no means was a result of bad faith or intention. Accordingly, the Provider has concurrently submitted a copy of the Provider's position paper with this Motion, and, pursuant to the above referenced instruction, the Provider respectfully requests that the Board exercise its authority to reinstate the issues stated in the Provider's Notice of Appeal: the SSI Proxy Determination, the Determination of Medicaid Percentage (Eligible Days), and the General Assistance Days.

**B.    The PRRB Should Exercise Its Authority to Reinstate This Case Because No Party Was Prejudiced by the Provider's Failure to Submit a Preliminary Position Paper and Any Technical Violation of the PRRB's Instructions is Rectified Herein, Well in Advance of the Final Position Paper Deadline and the Live Hearing.**

As of the date of submission of this Motion, the Provider has multiple Medicare Appeals pending with the PRRB that address the same issues addressed in this appeal. All of these other appeals have either been "placed in abeyance" or are planned to be "placed in abeyance" by the PRRB.[2] Each of these appeals is being held as such until the State of South Dakota provides to the Provider (and other similarly situated providers) documentation relating to Medicaid eligible days. Unlike most other states, South Dakota has not devised a process to properly match provider data to confirm which of the Provider's days were associated with treatment of Medicaid-eligible patients. The Provider's consultant has been working with South Dakota to devise a process that will be

---

[2] The following appeal has already been placed in abeyance by the PRRB: Case No.: 99-2677 (FYE 06/30/96)

3

acceptable to the Intermediary. As a result, even if the Provider timely submitted its preliminary position paper and complied with all other applicable deadlines relevant to this matter, this case would still be placed in abeyance pending the State of South Dakota's release of the above referenced documents.

Further, in regard to the issue pertaining to the DSH Medicare Percentage, this case, along with the others, will be placed in abeyance pending the outcome of the *Baystate Medical Center* case, which, it is anticipated, will be appealed to court. Accordingly, none of the parties involved herein, including the PRRB, will be prejudiced in any way from reinstatement.

As with federal court procedural deadlines, mistakes, inadvertence, and negligence can and should be excused under certain circumstances. In particular, Federal Rule of Civil Procedure ("FRCP") 60(b), provides for forgiveness of procedural (as well as other) errors in certain circumstances:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.[3]

While the PRRB is not required to follow Eighth Circuit precedent, the Eighth Circuit, under whose jurisdiction the Provider falls, has recently considered nearly the identical issue as presented

---

[3] See Fed. R. Civ. Proc. 60(b); if a Rule 60(b) Motion filed a year after the judgment is considered within a reasonable time in the federal courts, then the Provider urges the PRRB to deem this Motion, filed _____ weeks after the date of the PRRB's dismissal, to be within a reasonable time.

4

here.  In *Johnson v. Dayton Electric Manufacturing Company*,[4] due to an unfortunate miscommunication, a party failed to timely file an answer to plaintiff's complaint.  In response, plaintiff filed an entry of default which the district court upheld.

On appeal, the Eighth Circuit reiterated the United States Supreme Court's holding in *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership*,[5] that for purposes of FRCP 60(b), "excusable neglect" includes "late filings caused by inadvertence, mistake or carelessness."[6] Furthermore, the *Johnson* court restated that whether such conduct is "excusable" is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission."[7]

Using the four factor analysis enunciated in *Pioneer Inv. Servs.*, the *Johnson* court reiterated that in deciding whether to grant relief from a missed deadline as a result of "excusable neglect" under Rule 60(b)(1), four factors should be considered:

> (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[8]

In light of these factors, the *Johnson* court held that under the present circumstances,

> ...we have a good faith, relatively brief default in the filing of an initial pleading, caused by poor communication...and cured within one day once [the party in error] learned of its mistake. Without attempting to fix blame, the combined conduct of [the party in error] was careless, risking precisely the adverse result rendered by the district court. *But it was not contumacious, it did not exhibit an intentional flouting or disregard of the court and its procedures, and it only briefly delayed the litigation. Thus, while we do not*

---

[4] *Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781 (8th Cir. 1998), attached hereto as Exhibit B.

[5] *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).

[6] *Johnson*, 140 F.3d at 784, citing to *Pioneer Inv. Servs.*, 507 U.S. at 388, 395.

[7] *Id.*

[8] *Id.*, at 784.

> *approve of this sort of cavalier approach to litigation, we conclude*
> *that [the party in error] was guilty of only a marginal failure for*
> *which relief from default should be granted if it has a meritorious*
> *defense and [the other party] will not suffer significant prejudice.*
> (emphasis added).[9]

Accordingly, the Eighth Circuit reversed the holding of the lower court and remanded for further proceedings.[10]

As in *Johnson*, the present circumstances weigh heavily in favor of reinstatement. As the court in *Johnson* made clear, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"[11]

Similarly, no concrete prejudice will result here. Through the Provider's appeal, the Intermediary was on notice of the precise issues in dispute as well as the Provider's position with respect to those issues.[12] Furthermore, the Provider has filed its preliminary position paper along with this Motion, as required under the above referenced PRRB instruction, which is still two months before the parties' final position papers are due.[13] The Intermediary therefore has ample

---

[9] *Id.*

[10] *Id.*

[11] *Id.*, at 785.

[12] Interestingly, a provider can add an issue to an appeal up until the commencement of the hearing date. 42 C.F.R. § 405.1841(a). Thus, the Medicare regulations certainly contemplate a PRRB hearing on issues (added at the last minute) without providing the intermediary the benefit of any position paper, let alone a preliminary and final position paper.

[13] The Provider recognizes that it is not normally required to file its preliminary position paper with the Board, but only to provide it to the Intermediary. However, in compliance with PRRB Instruction XIII(b), the Provider has included it with this Motion.

time to prepare its own final position paper and will not be disadvantaged in any way by reinstatement.[14]

As to the length of the delay and its potential impact on the proceedings, the Provider indeed notes that the position paper filed herein is eight weeks late. However, such filing is still two months in advance of the final position paper deadline and over six months in advance of the tentative month of hearing.[15] Although the preliminary position paper is late, therefore, it is certainly not so late as to interfere with the final position paper deadlines nor the hearing date, which has not even been set.

Accordingly, the PRRB's proceedings in this case are not at all impacted by the minor delay in the Provider's submission of its position paper. As stated above, there is more than sufficient time prior to the tentative hearing month of December, 2006 in which the Intermediary can draft and submit one or more position papers.    Furthermore, as referenced above, all of the Provider's pending reimbursement hearings are currently being held in abeyance. So, even if the preliminary position paper was timely filed by the Provider, each of the parties, including the PRRB, would be in the identical temporal position.

With respect to whether the Provider has acted in good faith, the Provider concedes that the fault for failing to send the Intermediary a preliminary position paper lies with the Provider. There was somehow a miscommunication with the reimbursement consultant, and as a result, the Provider missed the pertinent deadline. As in *Johnson*, however, the Provider's error was a result of carelessness, and at most, negligence. It was not the result of devious or willful conduct, nor was it

---

[14] As explained above, the Provider has appealed these same issues in prior fiscal years, so the Intermediary is already familiar with the issues.

[15] Given the overall typical length of the Medicare appeals process, a several week delay is quite minor indeed. For instance, the Provider submitted its cost report for FYE 4/30/03 in September, 2003. The Intermediary took two years to audit that cost report and issue its NPR. The hearing in this case will not likely occur for some time, since the PRRB intends to place the case in abeyance.

an attempt to circumvent relevant PRRB deadlines. On the contrary, the Provider has acted in good faith throughout the instant proceeding, and has articulated a supportable and genuine position in challenging the Intermediary's audit adjustments. The Provider timely filed its appeal and, from the inception of the appeal, has had every expectation that it would be able to pursue (or resolve) its disputes with the aid of the PRRB's process.

Based on the fact that there will be no delay in the present proceedings for all practical purposes, and based on the foregoing discussion of the Supreme Court's and the Eighth Circuit's forgiving position on granting relief for excusable neglect, the present circumstances present a compelling case for relief. Similar circumstances were enough for the Eighth Circuit to render a favorable ruling to the party in error, and the Provider respectfully requests that for the analogous reasons as those outlined in FRCP 60(b), the same is sufficient here.

Alternatively, to alleviate any minimal harm to the Intermediary, the PRRB could allow the Intermediary extra time to file its preliminary and final position papers,[16] and could penalize the Provider by only allowing it to submit the one position paper filed concurrently with this Motion.

## C.    The PRRB Should Reinstate this Matter in Order to Allow a Decision on the Merits

Generally, federal courts have liberally construed procedural rules, such as the FRCP's, in favor of reaching the merits of a particular case. *See, e.g., Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."); *Klaudt v. United States Dep't of Interior*, 990 F.2d 409, 411 (8th Cir. 1993) ("The requirements of the rules of procedure should be liberally construed, and mere technicalities should not foreclose our

---

[16] Indeed, there is ample time prior to the December, 2006 tentative hearing month in order to allow the Intermediary extra time to submit one or more position papers.

consideration of a case on its merits."); *Western Sec. Co. v. Derwinski*, 937 F.2d 1276, 1281, 1282 (7th Cir. 1991) ("Sanctions should be proportioned to the gravity of the misconduct . . . ." and "Case law is replete with instances in which the missing of deadlines, whether by government agencies subject to statutory deadlines or by private parties subject to deadlines set in contracts, does not lead to costly forfeitures."). Federal courts also must consider the "public policy favoring disposition of cases on their merits" before dismissing a case for failure to comply with a court order.[17]

As in the federal courts, the PRRB should favor allowing parties to have their Medicare disputes decided on the merits. In this case, the Provider would face a very harsh forfeiture of its Medicare hearing rights (and possibly significant amounts of Medicare reimbursement) for failing to timely comply with a PRRB procedural rule concerning a preliminary position paper that was due many months prior to the tentative hearing date. Indeed, if the PRRB was not to reinstate this matter, then the punishment would not fairly match the crime. Accordingly, the Provider urges the PRRB to reinstate this appeal in accordance with the federal common law that encourages decisions on the merits.

**D.    The Provider, For All Practical Purposes, Has Already Satisfied the Position Paper Requirement**

Even in the absence of any prejudice to either party, the Provider has arguably already satisfied the requirements for a preliminary position paper by submitting a detailed and specific request for hearing. This document, which was sent to the PRRB and to the Intermediary, clearly and fully sets forth the issues in dispute and the Provider's position with respect to those issues. Indeed, in its letter of appeal, the Provider set forth a full explanation of the issues, the facts, all relevant citations, and the Provider's position. Further, the Intermediary is already very familiar

---

[17] *Sanders v. Union Pac. R.R.*, 154 F.3d 1037, 1040 (9th Cir. 1998).

9

with these issues, as they are not unique to this Provider and have been raised in appeals for earlier fiscal years by this Provider.

Similar circumstances were considered, and favorably determined, by the HCFA Administrator in its decision regarding a provider that had its individual appeal dismissed for failure to file a "list of issues."[2] In *UCSD Medical Center v. Blue Cross & Blue Shield Ass'n*,[18] the Board had refused to reinstate, and the HCFA Administrator remanded the case to the Board for a consideration of the argument (which the HCFA Administrator clearly supported), that the Provider had indeed satisfied the "list of issues" requirement by submitting a very detailed list of issues in dispute in its initial request for hearing. On remand, the Board reopened the case and asked the Intermediary to inform the Board whether it agreed with the issues as set forth in the Provider's request for hearing.

As in the recent *UCSD Medical Center* HCFA Administrator decision, the Provider here has, for all practical purposes, satisfied the procedural requirements for a preliminary position paper even though the Provider did not submit a document expressly labeled "preliminary position paper." From a practical perspective, the only recognizable difference between the two cases is that instead of a list of issues, this case involves the submission of a preliminary position paper. Nonetheless, the very same arguments with respect to substantial or actual compliance apply.

---

[2] The PRRB procedural rules previously required the provider and intermediary to sign a joint list of issues prior to the start of briefing. This requirement was eliminated when the PRRB revised its policies effective March 1, 2002.

[18] See *UCSD Medical Center v. Blue Cross & Blue Shield Ass'n*, HCFA Adm'r Dec. (Sept. 8, 1997), reprinted in [1997-2 Transfer Binder] Medicare & Medicaid Guide (CCH) ¶ 45,725.

Along the same lines, the Board instructions provided on the Internet do not set forth any requirements for the format or content of a preliminary position paper.[19]  Rather, the PRRB instructions only require the parties to exchange preliminary position papers, and preliminary position papers are expressly not to be submitted to the PRRB (except for the first page).[20]  The PRRB instructions only set forth content requirements for *final* position papers.[21]  Thus, from a technical standpoint, any communication to the intermediary, in any form and with any content, should satisfy the requirement to send the intermediary a preliminary position paper.

With respect to the appeal issues, the Provider very clearly stated its positions in its April 21, 2006 letter of appeal: the Provider's letter clearly sets forth the Provider's name and number, fully describes the issues in dispute with specific references to audit adjustment numbers, and sets forth concise reimbursement impact computations for each issue appealed.  Thus, there can be no doubt that the Intermediary knew exactly what the issues were, what the Provider's arguments were, and what specific documentation and regulatory provisions were at issue.  Again, the PRRB does not require a provider to submit documentation or exhibits with a preliminary position paper.  Rather, the PRRB expects there to be an informal, unregulated, dialogue between the provider and its intermediary prior to the final position paper, and such conduct has occurred in this case.  Given that the Provider has filed a document that reasonably frames the issues of this appeal, the Provider therefore urges the PRRB to reinstate this matter.

### E. The PRRB Does Not Have Statutory or Regulatory Authority to Dismiss an Appeal for Failure to File a Preliminary Position Paper.

---

[19] See PRRB Instructions, Part II.B (the only requirements for the content or format of position papers is found under Part II.B.IV entitled "Acceptable Final Position Papers").

[20] See PRRB Instructions, Part II.B.I.

[21] See PRRB Instructions Part II.B.IV.

The Medicare Act grants a provider that is dissatisfied with an intermediary determination a hearing before the PRRB.[22]  Although Congress granted the PRRB the right to make rules and establish procedures, those rules and procedures cannot be inconsistent with the Medicare statutes or regulations.[23]  To dismiss an appeal for failure to send a preliminary position paper to an intermediary therefore violates a Provider's statutory right to a hearing.

Further, as noted above, the Medicare regulations do not even require a preliminary position paper.[24]  Indeed, the language of the regulation only notes that the record of a PRRB case will "ordinarily include a position paper from the provider . . . ."[25]  That language does not suggest, even implicitly, a hard and fast rule that a provider _must_ file a position paper.  As with the statute, the regulations grant providers the right to a hearing if they are dissatisfied with an intermediary determination.[26]  Therefore, dismissal for failure to file a preliminary position paper violates the Medicare regulations that grant providers the right to a hearing.

Importantly, there is no regulatory authority to dismiss a case for failure to meet strict procedural deadlines (let alone for failing to file a document that is not even required under the regulations).  The Centers for Medicare and Medicaid Services ("CMS") certainly knows how to grant dismissal authority.[27]  Yet, CMS did not grant such dismissal authority to the PRRB for the circumstances presented herein.  Because the PRRB therefore lacks the authority to dismiss a

---

[22] See 42 U.S.C. § 1395oo(a).

[23] See 42 U.S.C. § 1395oo(e).

[24] See 42 C.F.R. § 405.1853.

[25] _Id._

[26] See 42 C.F.R. § 405.1835.

[27] See, e.g., 42 C.F.R. §§ 489.68, 489.69, 489.70 (discussing dismissal of certain administrative appeals).

24

provider's statutory right to a hearing for failure to send a preliminary position paper to an intermediary, the Provider requests that the PRRB reinstate this case.

## IV.   CONCLUSION

For all the foregoing reasons, the Provider respectfully requests that the PRRB reinstate its FYE 6/30/99 appeal.  In light of the Provider's inadvertent mistake in failing to meet the Board's deadline for its preliminary position paper, a dismissal is a particularly harsh disposition and denies the Provider an opportunity to resolve disputed issues which necessarily involve hundreds of thousands of dollars. In light of the Eighth Circuit's recent decision in *Johnson* in which the court considered circumstances nearly identical (and perhaps even more egregious) than those present here, reinstatement is merited.  The fact that the Provider's position was set forth in detail and previously provided to the Intermediary in connection with the appeal provides further support for reinstatement, and given the HCFA Administrator's very closely related September 8, 1997 decision in connection with UCSD Medical Center, the most equitable and efficient course of action is for the Board to reinstate the Provider's appeal.  Finally, the PRRB should reinstate because the Medicare statutes and regulations do not grant the PRRB authority to dismiss an appeal for relatively minor procedural "noncompliance."

DATED: September 8th, 2006

By: _David W. Goehring_

## EXHIBIT

Exhibit 1 :    Provider's Request for Medicare Appeal for FYE June 30, 1999 dated
April 21, 2006.





# RAPID CITY REGIONAL HOSPITAL

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

April 23, 2005

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

Re:    Provider Name       :   RAPID CITY REGIONAL HOSPITAL
       Provider Number     :   43-0077
       Intermediary         :   Cahaba Government Benefit Administrators
       Request for Medicare Appeal

## NOTICE OF CORRECTION – PROGRAM REIMBURSEMENT

Notice Date                          Fiscal Year

October 21, 2005                 June 30, 1999

Dear Ms. Cochran:

The hospital respectfully appeals the under mentioned determinations of the Intermediary contained in the above NPR.

Issue    :    **Disproportionate Share Payment**

      **SSI Proxy**

The Provider contends that the Intermediary did not determine Medicare DSH reimbursement in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5)(F)(i). Specifically, the provider disagrees with the intermediary's calculation of the computation of the disproportionate patient percentage set forth at 42 C.F.R. 412.106(b)(2)(i) of the Secretary's regulations. The provider contends that the intermediary did not furnish the matching data from which the SSI proxy had been derived, and that this validation information has been withheld on the basis of a statement in the commentary to the 1995 final rule for inpatient PPS. See 60 Fed. Reg. 45811-12 (Sept. 1 1995). The statement indicates that the SSI eligibility data used for this DSH calculation is not available to verify provider's disproportionate patient percentage because it is protected by the Privacy Act. The intermediary cannot support its reliance on a statement that occurs in the preamble of a published rule but is not supported by the regulatory text or by the authorizing statute.

                    Audited Adjustment #
                    Reimbursement Amount:   $69,158

Suzanne Cochran, Esq.
April 21, 2006
Page 2 of 2

**Issue 2 : Disproportionate Share Payment**

**Medicaid Percentage (Eligible Days)**

The provider contends that the Fiscal Intermediary did not determine Medicare reimbursement for disproportionate share hospitals (DSH) in accordance with the statutory instructions at 42 U.S.C. 1395ww(d)(5) (e)(i). Specifically, the provider disagrees with the calculation of the second computation of the disproportionate share patient percentage, set forth at 42 CFR 412.106(b)(4) of the Secretary's regulations. The intermediary, contrary to the regulation, failed to include as Medicaid-Eligible Days services to patients for Medicaid, as well as patients eligible for general assistance.

Audited Adjustment #
Reimbursement Amount: $114,562

The Provider will be personally represented at the requested hearing by its designated representative.

If you have any questions, please feel free to contact us.

Sincerely,

David W. Goehring
Director, Budget & Reimbursement

cc:    Mr. Doug Foote, Senior Auditor, Provider Audit & Reimbursement, Cahaba Government Benefit Administrators, 400 E. Court Avenue, Des Moines, IA 50309-2017

Mr. Wilson C. Leong, Director, Medicare Appeals, Blue Cross & Blue Shield Association, 225 North Michigan Avenue, Suite 400, Chicago, IL 60601.

Enclosure