IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RAPID CITY REGIONAL HOSPITAL**<br>Plaintiff,<br><br>v.<br><br>**MICHAEL O. LEAVITT, Secretary,**<br>U.S. Department of Health and Human Services<br><br>Defendant. | )<br>)<br>)<br>)  Civil Action No. 06-1828 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Rapid City Regional Hospital ("Rapid City") by and through its undersigned counsel, and submits its Motion for Summary Judgment.

As demonstrated in the attached Statement of Undisputed Fact and Memorandum of Points and Authorities, the Plaintiff demonstrates that the Provider Reimbursement Review Board ("PRRB"), on behalf of the Defendant Secretary of Health and Human Services acted arbitrarily and capriciously and in violation of its statutory authority when it dismissed the Plaintiff's appeal for failure to timely file a "preliminary position paper" on August 23, 2006.

Respectfully Submitted
ALDERMAN, DEVORSETZ & HORA PLLC

/s/ Leslie D. Alderman III
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@adhlawfirm.com

## PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES
## IN FAVOR OF SUMMARY JUDGMENT

### I. BACKGROUND

Under 42 U.S.C. § 1395x(v)(1)(A), providers of inpatient hospital services, such as Plaintiff, are entitled to payment from Medicare for their "reasonable costs" incurred in providing services to Medicare patients, in accordance with regulations adopted by the Secretary. Reasonable cost is defined as the "cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services, and shall be determined in accordance with regulations establishing the method or methods to be used, and the items to be included, in determining such costs for various types or classes of institutions, agencies, and services." 42 U.S.C. § 1395x(v)(1)(A).

Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse hospitals, such as Rapid City, for inpatient hospital operating costs. *See* 42 U.S.C. § 1395ww(d). Effective with cost reporting years beginning on or after October 1 1991, a PPS process was implemented to reimburse hospitals, including Plaintiff, for inpatient hospital capital-related costs. *See* 42 U.S.C. § 1395ww (g). Payment to providers of services is commonly carried out by Medicare fiscal intermediaries, acting as agents of the Secretary pursuant to contracts with him. An intermediary is assigned to each hospital, such as Plaintiff, that participates in Medicare. Fiscal intermediaries make periodic interim payments to providers, subject to subsequent adjustments for overpayments or underpayments. 42 U.S.C. § 1395h.

At the close of its fiscal year ("FY"), a hospital must submit a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate portion of those costs to be allocated to Medicare. 42 C.F.R. §§ 413.24 and 413.50. The hospital's intermediary is required to analyze and audit the cost report and issue a Notice of Program Reimbursement ("NPR"), which informs the hospital of the final determination of its Medicare reimbursement for the cost reporting period in compliance with law.

If a hospital is dissatisfied with its intermediary's final determination of total Medicare program reimbursement for a cost reporting period, as reflected in the NPR, it may elect to obtain a hearing before the Provider Reimbursement Review Board (PRRB) by filing an appeal with the Board within 180 days of receiving its NPR. *See* 42 U.S.C. § 1395oo.

Congress gave the Board broad authority to promulgate rules and procedures in order to carry out the Board's responsibilities so long as those rules are not inconsistent with the Medicare statute or the Secretary's regulations. *See* 42 U.S.C. § 1395oo(f)("The Board shall have full power and authority to make rules and establish procedures, <u>not inconsistent with the provisions of this title or regulations of the Secretary, which are necessary or appropriate to carry out the provisions of this section.</u>") (<u>emphasis added</u>). The Board's instructions (referenced herein as Board Instructions, may be found online at: www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf). By regulation, the Secretary limited the PRRB's authority, in 42 C.F.R. § 405.1869, to "<u>the power to affirm, modify, or reverse a determination of an intermediary</u> with respect to a cost report and to make any other modifications on matters covered by such cost report

… even though such matters were not considered in the intermediary's determination." (<u>emphasis added</u>); *see also* Board Instruction p. 1, § II, ¶ 1.

The PRRB's Instructions Require the Provider to identify all issues it is appealing, with specificity, in its hearing request:

> Your hearing request must include an identification and statement of the issue(s) you are disputing. You must identify the specific issues, findings of fact and conclusions of law with which the affected parties disagree; and you must specify the basis for contending that the findings and conclusions are incorrect. … You must clearly and specifically identify your position in regard to the issues in dispute.

Once an appeal is accepted, the PRRB Issues a letter acknowledging receipt of the appeal and establishing "Critical Due Dates." In this case, the Acknowledgment Letter established deadlines of August 1, 2006 and October 1, 2006, respectively, for the Provider's and Intermediary's Preliminary Position Papers, and December 1, 2006 for both Parties' Final Position Papers.

Neither the Acknowledgement Letter, the Board's Instructions, the statute, nor any regulations define what is to be provided in the Preliminary Position Paper. The Board's Instructions make clear, however, that the Preliminary Position Paper is to be provided <u>only</u> to the Intermediary and is not for the Board's use: "you must provide the Board with a copy of the first page (only) of your preliminary position paper. If the entire preliminary position paper is submitted to the Board, it will be returned." *See* Board Instructions, Part II at 5. The purpose of the Preliminary Position Paper is to assist the Intermediary to identify outstanding issues that may be settled and to prepare its own Preliminary Position Paper. *Id.* ("After reviewing your preliminary position paper, the intermediary**,** within 60 days, must meet with you to settle issues, if appropriate, and prepare its own preliminary position paper."). According to the Board's instructions,

4

only a Provider's failure to provide a Preliminary Position Paper is grounds for dismissal, but no reciprocal penalty (such as admission of the allegations contained in the hearing request or default judgment in favor of the Provider) is applied to the Intermediary for its failure to provide its position paper.  Provider Instructions, Part I, p. 16 ("When you do meet your due dates, but the intermediary does not meet its due dates, the Board will refer the matter to CMS for contract compliance, and the case will proceed to a hearing, as if all parties have met their due dates.") and Part II, p. 5.

In this case, the Provider's Hearing Request identified the two issues subject to the appeal.  Specifically with regard to the first issue under appeal, "SSI Proxy," the Hearing Request states: "the provider disagrees with the intermediary's calculation of the computation of the disproportionate patient percentage set forth at 42 C.F.R. § 412.106(b)(2)(i)" and additionally that the intermediary failed to furnish data from which the SSI proxy had been derived." *See Administrative Record (AR) at 6.*  With regard to the second issue under appeal, "Medicaid Percentage (Eligible Days)" the Hearing Request states "the provider disagrees with the calculation of the second computation of the disproportionate share percentage … The intermediary, contrary to the regulation, failed to include as Medicaid-Eligible Days services to patients for Medicaid, as well as patients eligible for general assistance." *See AR at 7.*  The Plaintiff additionally identified the amount in controversy for each issue under appeal.  *See AR at 6 and 7.*

Due to a miscommunication between the hospital and its reimbursement consultant, the provider failed to submit its Preliminary Position Paper to the Intermediary by August 1, 2006, the deadline imposed in the Acknowledgement Letter. On August 23, 2006, without first making any determination that the Provider's failure to

5

supply a Preliminary Position Paper prevented the Intermediary from meeting with the Provider "to settle issues, if appropriate," and "prepare its own preliminary position paper," the PRRB issued a letter closing the appeal and removing it from the docket. *See AR at 2.*

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On or about October 21, 2005, the Defendant's Fiscal Intermediary submitted a Notice of Program Reimbursement (NPR) for the hospital's fiscal year ending June 30, 1999.  This NPR included a specific reimbursement amount to compensate the Plaintiff for the DSH payment. *See Complaint at 6.*

2. Believing that the Fiscal Intermediary had erred in calculating its DSH payment, on April 21, 2006, the Plaintiff timely filed an appeal of the NPR with the PRRB. *Complaint at 7.*

3. The Plaintiff's appeal identified the errors that the Fiscal Intermediary committed when it made the incorrect DSH payment calculation.  Namely, the Plaintiff identified that the intermediary: 1) incorrectly calculated the "disproportionate patient percentage," which is one of the figures used in calculating the ultimate DSH payment and failed to substantiate its calculations by furnishing "the matching data from which the SSI proxy had been derived;" and 2) contrary to 42 C.F.R. 412.106(b)(4), "failed to include as Medicaid Eligible Days, services to patients for Medicaid, as well as patients eligible for general assistance."  *See AR at 6-7.*

4. The PRRB served the parties with an Acknowledgment Letter (Acknowledgment Letter) that established certain deadlines, including a

6

deadline by which the Plaintiff was to provide the Fiscal Intermediary with a "Preliminary Position Paper." *AR at 3*.

5. There is no federal regulation that requires the parties to exchange Preliminary Position Papers, and the required contents of a Preliminary Position Paper are neither defined in statute, regulations or Board Instruction. *See, e.g. Board Instruction, Part II, p. 5*.

6. The Provider's Preliminary Position Paper is not filed with the Board, and instead is solely for the Intermediary's use. *Id.*

7. The only requirement that can be derived from the PRRB's instructions are that the Preliminary Position Paper must be sufficient to inform the Fiscal Intermediary of the issues involved in the appeal so that the parties may attempt to reach a settlement of the dispute and so that the Fiscal Intermediary may prepare its own Preliminary Position Paper. *See, Board Instruction, Part II, p. 5*.

8. The Plaintiff's April 21, 2006 appeal letter, which was copied to the Fiscal Intermediary, provided the Fiscal Intermediary with sufficient information to identify the issues in dispute in order to determine whether settlement was appropriate and to draft its own Preliminary Position Paper. *See AR at 6-7*.

9. Due to an administrative error, the Plaintiff misplaced the Acknowledgment Letter and failed to serve a Preliminary Position Paper upon the Fiscal Intermediary by the deadline. *See Complaint Para. 13*.

10. The PRRB dismissed the Plaintiff's appeal on August 23, 2006. *See AR at 2*.

11. The Record contains no indication from the Intermediary that it was unable to meet with the Plaintiff to attempt to settle any of the outstanding claims or that it did not have notice of the issues the provider identified for appeal. *See AR, generally.*

12. The Record contains no indication from the Intermediary that it was unable to fulfill its obligations under 42 C.F.R. § 405.1853. *See AR, generally.*

13. The only justification for dismissal that the PRRB included in its August 23, 2006 determination was the Plaintiff's failure to comply with the deadline to provide the Intermediary with a Preliminary Position Paper. *See AR at 2* ("Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board.[1] Therefore the Board hereby closes this case and removes it from the docket.").

14. The Board's authority is only to "affirm, modify, or reverse a determination of an intermediary." *See* 42 C.F.R. § 405.1869.

### III.  LAW AND ARGUMENT

The Medicare Act subjects the PRRB's decisions to review pursuant to the Administrative Procedures Act, U.S.C. §§ 701 et seq. *See* 42 U.S.C. 1395oo. Here, the PRRB's dismissal should be set aside because it was arbitrary and capricious and in excess of its statutory authority. *See* 5 U.S.C. § 706(2).

---

[1] This references the requirement that the Provider certify to the Board that it has submitted its Preliminary Position Paper to the Intermediary. *See AR at 2; Board Instruction Part II, p. 5.*

The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (U.S. 1983). Notwithstanding the narrow scope of review, however, the Agency is still required to demonstrate that it "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Id.* (*quoting Burlington Truck Lines, Inc.* v. *United States*, 371 U.S. 156, 168 (1962)).

When reviewing an Agency's action under this standard, courts must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id. (quoting Bowman Transportation, Inc.* v. *Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285 (1974); *Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402, 416 (1971). "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, <u>entirely failed to consider an important aspect of the problem</u>, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. The reviewing court should not attempt itself to make up for such deficiencies; we may not supply a reasoned basis for the agency's action that the agency itself has not given." *Id.* (<u>emphasis added</u>). *See Also, Mount Royal Joint Venture v. Kempthorne*, 477 F.3d 745, 753 (D.C. Cir. 2007) ("we will reverse an agency decision only if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that

it could not be ascribed to a difference in view or the product of agency expertise.")(*relying, in part, on Motor Vehicle Mfrs. Ass'n, supra*). Moreover, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943).

### *The Board's Dismissal Fails to Consider the Purpose of a Preliminary Position Paper*

The first step in the analysis is to define what the "relevant considerations" were. *See Motor Vehicle Mfrs. Ass'n.*, 463 U.S. at 42-43 (courts must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.").

This exercise is practically impossible for the Agency because it has failed, either in its Instructions or in its Dismissal letter, to explain the reason for requiring a Preliminary Position Paper or even the minimum requirements for an acceptable Preliminary Position Paper.[2]  The only reference to any purpose for requiring a Preliminary Position Paper is contained in the Instructions, Part II, p. 5, wherein the Board states: "After reviewing your preliminary position paper, the intermediary, within 60 days, must meet with you to settle issues, if appropriate, and prepare its own preliminary position paper."

Based on the Board's Instructions, the reason for requiring the Provider to submit a Preliminary Position Paper to the Intermediary is to aid the Intermediary in developing

---

[2] As such, hypothetically at least, the Plaintiff would have satisfied the requirement of submitting a preliminary position paper merely by referring the Intermediary back to the original appeal request document (AR 6-7).  Because there is no immediate penalty for the Intermediary's failure to submit a Preliminary Position Paper, the Intermediary would have been free to submit no response at all. *See Material Fact No. 8; PRRB Instructions, Part II, p. 5.*

a settlement position and drafting its own Preliminary Position Paper.[3]  This is the only purpose that the Board has given for the requirement to file a Preliminary Position Paper, and it is therefore the only consideration with which the Board should be credited. *See Motor Vehicle Mfrs. Ass'n.*, 463 U.S. at 42-43 ("we may not supply a reasoned basis for the agency's action that the agency itself has not given.").

Therefore, to be rationally connected to this purpose, the dismissal would have to be premised on a determination that the failure to provide a Preliminary Position Paper prohibited the Intermediary from meeting with the Plaintiff to discuss settlement or to develop its own settlement position or its Preliminary Position Paper.  Judged under this rationale, the Board's rule permitting dismissal of an appeal for failure to provide a Preliminary Position Paper is arbitrary and capricious on its face.  The Board's August 23, 2006 dismissal letter explains that the Plaintiff's Appeal was dismissed merely for failing to provide the Intermediary with the Preliminary Position Paper. *Material Fact No. 13*.  This explanation lacks consideration of the "relevant factors" and demonstration of a "rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n.,* 463 U.S. at 42-43.

Namely, dismissal under the circumstances found here ignores the crucial considerations that: (1) the only purpose for the Provider's Preliminary Position Paper that can be gleaned from the Board's instruction is to assist the Intermediary in developing it settlement position and drafting its own Preliminary Position Paper; (2) the

---

[3] As discussed in greater detail, below, shifting this burden to the Provider is contrary to the Secretary's regulations, at 42 C.F.R. § 405.1853(a), which impose on the Fiscal Intermediary the duty to "ensure that all available documentary evidence in support of each party's position is part of the record."

Preliminary Position Paper is not even to be filed with the Board;[4] (3) the Board's instructions do not set any requirements for what is to be included in a Preliminary Position Paper; (4) the Intermediary – not the provider – is obligated to "ensure that all available documentary evidence in support of each party's position is part of the record;" 42 C.F.R. § 405.1853(a); (5) the Secretary's regulations require the Intermediary to narrow the issues for review and develop its settlement position based – not on the Provider's Preliminary Position Paper – but on the Provider's appeal request and a review of the record on which the Intermediary's original position was premised (*see* 42 C.F.R. § 405.1853(a));[5] and (6) there is no indication in the record that the Intermediary was prevented from fulfilling its regulatory obligations of ensuring that the issues under appeal had been narrowed and that a complete record was before the Board or the instruction's design of developing a settlement position and its own Preliminary Position Paper.

As such the rule permitting dismissal for failure to provide a Preliminary Position Paper ignores the very reasons the Instructions give for imposing the requirement of a Preliminary Position Paper in the first place. *See Mount Royal Joint Venture v.*

---

[4] The Board's instructions require a Provider to send the full Preliminary Position Paper only to the Intermediary and prohibit the Provider from filing a complete Preliminary Position Paper with the Board. *Supra.*

[5] The pertinent part of the regulation reads:

> The intermediary shall forthwith review the materials submitted by the provider in accordance with § 405.1841 [which governs the request for hearing]. Simultaneously, the intermediary shall review the information which formed the basis for its determination of the amount of program reimbursement. Based on the findings of such review, the intermediary shall expeditiously attempt to join with the provider in written stipulations setting forth the issues that said review has resolved and designating the issues that remain for Board resolution.

12

*Kempthorne*, 477 F.3d 745, 753 (D.C. Cir. 2007) ("we will reverse an agency decision … if the agency has … entirely failed to consider an important aspect of the problem").

**Dismissal is Arbitrary and Capricious And In Excess of the Board's Statutory Authority In Light of the Relevant Regulations**

In addition to the foregoing, the instruction permitting the Board to dismiss an appeal for failure to provide a Preliminary Position Paper to the Intermediary also ignores the Secretary's regulations, which clearly impose the burdens of narrowing the issues on appeal and ensuring that a complete record is before the Board on the Intermediary, not the Provider.

In 42 U.S.C. § 1395oo(e), Congress granted the Board "full power and authority to make rules and establish procedures, not inconsistent with the provisions of this title [42 USCS §§ 1395 et seq.] or regulations of the Secretary, which are necessary or appropriate to carry out the provisions of this section." Thus the Board's "full power and authority to make rules and establish procedures" is limited such that those rules and procedures may not be "inconsistent with … regulations of the Secretary."

The Secretary's regulations impose the obligation to ensure that the parties' prehearing positions are developed and that all attempts at settlement have been exhausted on the Fiscal Intermediary.

Specifically, 42 C.F.R. § 405.1853(a) states:

Upon notification that a request for Board hearing has been filed, **the intermediary shall** forthwith review the materials submitted by the provider in accordance with § 405.1841.[6] Simultaneously, **the**

---

[6] Section 405.1841 governs the Provider's request for appeal, and includes the substantive requirements imposed on the Provider in that regard. The regulation does not require the Provider to submit a Preliminary Position Paper to the Intermediary. Section 405.1841 reads, in pertinent part:

**intermediary shall** review the information which formed the basis for its determination of the amount of program reimbursement. Based on the findings of such review, **the intermediary shall** expeditiously attempt to join with the provider in written stipulations setting forth the issues that said review has resolved and designating the issues that remain for Board resolution. Having obtained such stipulations and being satisfied that no further agreements can be negotiated, **the intermediary shall** ensure that all available documentary evidence in support of each party's position is part of the record. Such evidence will ordinarily include a position paper from the provider, a position paper from the intermediary, and any documents which support the issues addressed in the stipulations. These materials, in addition to all relevant documents which formed the basis for its determination of the amount of program reimbursement, shall be forwarded to the Board within 60 days after the date of the provider's request for Board review.

**(emphasis added)**

The Secretary's regulations place the burden of "expeditiously attempting to join with the provider in written stipulations setting forth the issues that said review has resolved and designating the issues that remain for Board resolution" on the Intermediary, not the Provider. *See* C.F.R. § 405.1853(a). Therefore, when the Board punishes the Provider with dismissal for failure to provide a Preliminary Position Paper, the Board is acting contrary to the clear language and intent of the Secretary's regulations. The Board's act of dismissal (and the instruction permitting dismissal) relies

---

The request for a Board hearing must be filed in writing with the Board within 180 days of the date the notice of the intermediary's determination was mailed to the provider or, where notice of the determination was not timely rendered, within 180 days after the expiration of the period specified in § 405.1835(c). Such request for Board hearing must identify the aspects of the determination with which the provider is dissatisfied, explain why the provider believes the determination is incorrect in such particulars, and be accompanied by any documenting evidence the provider considers necessary to support its position. Prior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof.

on rationales that neither Congress[7] nor the Secretary intended it to consider, and entirely fails to consider an important aspect of the problem, namely the burden that the Secretary specifically imposed upon the Intermediary. *See Mount Royal Joint Venture v. Kempthorne*, 477 F.3d 745, 753 (D.C. Cir. 2007) ("we will reverse an agency decision … if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.")(*relying, in part, on Motor Vehicle Mfrs. Ass'n, supra*).

For this reason, in addition to being arbitrary and capricious, dismissal for failure to file a Preliminary Position Paper is in excess of the Board's statutory authority. Congress clearly limited the Board's authority to make rules and establish procedures only so long as those rules and procedures were not inconsistent with the Secretary's regulations. *See* 42 U.S.C. § 1395oo(e). And the instruction permitting dismissal of an Appeal for failure to provide a Preliminary Position Paper is certainly inconsistent with the plain meaning and context of the Secretary's regulations at 42 U.S.C. 405.1841-1853 as discussed at length, *supra*.

Similarly, the Board's exceeded its authority because the clear language of the Secretary's regulations only grant the Board the power to "affirm, modify, or reverse a determination of an intermediary." *See* 42 C.F.R. § 405.1869. The Board's dismissal of

---

[7] Recalling that 42 U.S.C. § 1395oo(e) grants the Board "full power and authority to make rules and establish procedures, <u>not inconsistent with regulations of the Secretary</u>."

the Provider's appeal, however, cannot be considered an affirmation, modification, or reversal of the Intermediary's determination.[8] As such, dismissal was impermissible.

In this case, dismissal of the Provider's Appeal should be reversed for failure to adhere to applicable regulation. As the D.C. Circuit has recognized, "[i]t is axiomatic that an administrative agency is bound by its own regulations. *Pfizer, Inc. v. Heckler*, 735 F.2d 1502, 1507 (D.C. Cir. 1984); *see also American Train Dispatchers Ass'n v. Interstate Commerce Commission*, 54 F.3d 842, 848 (D.C. Cir 1995)("a court may defer to an agency interpretation only where the meaning of the term is doubtful or ambiguous"); *Reuters Ltd. v. FCC*, 781 F.2d 946, 950 (D.C. Cir. 1986) ("Simply stated, rules are rules, and fidelity to the rules which have been properly promulgated, consistent with applicable statutory requirements, is required of those to whom Congress has entrusted the regulatory missions of modern life").

## IV. CONCLUSION

The record before the Court is devoid of any indication from the Intermediary that its ability to fulfill its obligations pursuant to 42 C.F.R. § 405.1853(a), or to develop a settlement position or Preliminary Position Paper of its own was hindered by the Plaintiff's failure to file a Preliminary Position Paper. Furthermore, the Board's dismissal letter fails to recite such as a reason for dismissal, and the record demonstrates that the Plaintiff's Appeal request provided the Intermediary with notice of the particulars

---

[8] The Plaintiff can, *arguendo,* envision certain "work-arounds" that could permit the Board to dispose of appeals on procedural grounds, such as a rule deeming a Provider to concede any of the Intermediary's determinations that are not specifically addressed in the Provider's Preliminary Position Paper (similar to this Court's Local Rule 7(b)). Such a rule would obviate the need for a hearing on the particular issue and result in affirmation of the Intermediary's determination, in accordance with 42 C.F.R. § 405.1869. That is not what the Board did in this case, however.

16

under appeal and the amounts in question for each. As such, the Board's dismissal of the Plaintiff's Appeal was arbitrary and capricious and in excess of the Board's regulatory and statutory authority, and it should be reversed.

>Respectfully Submitted
>ALDERMAN, DEVORSETZ & HORA PLLC
>
>/s/ Leslie D. Alderman III
>1025 Connecticut Ave., NW
>Suite 615
>Washington, D.C. 20036
>Tel. 202-969-8220
>Fax 202-969-8224
>lalderman@adhlawfirm.com