# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAPID CITY REGIONAL HOSPITAL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 01:06CV01828 (GK) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(b), Defendant, Michael O. Leavitt,

Secretary of Health and Human Services, by and through his undersigned counsel, respectfully

moves this Court for summary judgment on the grounds that there are no material facts in dispute

and that Defendant is entitled to judgment as a matter of law.  In support of the instant motion,

the Court is respectfully referred to the accompanying Statement of Material Facts Not In

Genuine Issue, and Memorandum of Points and Authorities in Support of Defendant's Motion

for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment.  A

proposed order is also attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D. C. Bar No. 498610

/s/ _____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220


/s/ _____
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
202-205-8779
Facsimile: (202) 401-1405

Counsel for Defendant

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAPID CITY REGIONAL HOSPITAL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 01:06CV01828 (GK) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services, submits the following statement of material facts as to which there is no genuine issue in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).

1.      Plaintiff is a Medicare participating hospital located in Rapid City, South Dakota. Compl. ¶ 4.

2.      On April 25, 2006, the Board received Plaintiff's letter appealing the decision reached by the fiscal intermediary regarding the fiscal year ending June 30, 1999. A.R. at 6-7. In the letter, Plaintiff also requested a hearing. A.R. at 7.

3.      Plaintiff disputed two determinations by the intermediary regarding DSH payments. Plaintiff contended that the intermediary did not properly determine its reimbursement in accordance with 42 U.S.C. § 1395ww(d)(5)(F)(i) and 42 U.S.C. § 1395ww(d)(5)(C)(i). A.R. at 6-7; Pl.'s Mot. at 5.

4.      On May 9, 2007, the Board notified Plaintiff by certified mail that it was in receipt of

Plaintiff's hearing request and, consistent with the relevant Instructions posted on its website, asked Plaintiff to provide copies of the final determination being appealed and the audit adjustment pages relating to the disputed issues, if any, within 30 days. A.R. at 5. The Board noted that Plaintiff neglected to submit these documents with his request for a hearing, as required by its Instructions. A.R. at 5.

5.      On the same date, the Board provided Plaintiff a list of the due dates by which the intermediary and provider were to furnish preliminary and final position papers to one another. A.R. at 3-4. The notice provided that Plaintiff's preliminary position paper was due on August 1, 2007. A.R. at 3.

6.      The letter also emphasized as follows. "You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact [CMS] about contract compliance and will schedule a hearing date." A.R. at 4.

7.      The PRRB notified Plaintiff by certified mail on August 23, 2007, that its case was being dismissed for failure to follow Board procedure. A.R. at 2. Specifically, the Board cited its May 9th letter and noted that the preliminary position paper had not been timely submitted to the intermediary and the required information had not been submitted to the Board as mandated under its Instructions. A.R. at 2.

8.      On September 13, 2007, the intermediary received Plaintiff's (untimely) preliminary

position paper along with a motion to reinstate its appeal.  A.R. at 1, 10-28.  The cover letter

transmitting these documents was apparently also filed with the PRRB.  See A.R. at 1.

9.    The Board notified Plaintiff on December 29, 2006, that its motion to reinstate must be

filed directly with the Board.  A.R. at 8-9.

10.    There is no evidence of record that the motion was ever filed with the Board.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR
United States Attorney
D. C. Bar No. 498610


 /s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220


 /s/
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
202-205-8779
Facsimile: (202) 401-1405

Counsel for Defendant

<u>OF COUNSEL</u>:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAPID CITY REGIONAL HOSPITAL,     ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| V.     ) | Case No. 01:06CV01828 (GK) |
| ) | |
| MICHAEL O. LEAVITT, Secretary     ) | |
| of Health and Human Services,     ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant Michael O. Leavitt, Secretary of Health and Human Services (the "Secretary"), respectfully submits this Memorandum of Points and Authorities in support of his motion for summary judgment and in opposition to Plaintiffs' Motion for Summary Judgment.

This case involves the dismissal of Plaintiff's administrative appeal of the amount of Medicare reimbursement it received for the 1999 fiscal year. The Department of Health and Human Services' Provider Reimbursement Review Board ("PRRB" or "Board") dismissed the appeal because Plaintiff missed the deadline for filing its requisite preliminary position paper, despite ample and straightforward notice of the due date from the Board. Plaintiff then attempted to file a motion for reinstatement of its appeal, but failed to perfect that filing. Thus, the Board's dismissal stands as the final decision of the Secretary in this matter.

In its Motion for Summary Judgment ("Pl.'s Mot."), Plaintiff attempts to obscure the critical issue in this case - its failure to timely file a preliminary position paper - by arguing that

the rule authorizing dismissal for failure to provide a preliminary position paper fails to consider the purpose of a preliminary position paper and that the dismissal was outside the Board's statutory authority.  These arguments lack merit and fall far short of meeting Plaintiff's burden of demonstrating that the Board acted arbitrarily, capriciously, or otherwise not in accordance with the law.  In fact, numerous courts, including this one, have previously upheld the Board's authority to control its own docket by dismissing an appeal when the claimant hospital failed to file a position paper.

## STATUTORY AND REGULATORY BACKGROUND

### I.      The Medicare Program Generally

The Medicare program provides health insurance benefits to eligible aged and disabled persons.  <u>See</u> Title XVIII of the Social Security Act.  The program consists of two main parts. Part A provides coverage for the costs of hospital and related post-hospital services, including home health care.  <u>See</u> 42 U.S.C. §§ 1395c - 1395i-4.  Part B is an optional supplemental program which provides coverage for other types of medical services, including physician services.  <u>See</u> 42 U.S.C. §§ 1395j - 1395w.

Under Part A, most hospitals, including Plaintiff here, are paid under a "prospective payment system" ("PPS") for furnishing inpatient services to Medicare beneficiaries.  <u>See</u> 42 U.S.C. § 1395ww(d).  Under the PPS, hospitals are paid a pre-determined amount based on the principal diagnosis of the patient during his or her inpatient stay.  In applying the complex statutory formula for calculating payment to a hospital under the PPS, one of the several payment adjustments that may be made is the so-called "disproportionate share" ("DSH") adjustment.  <u>See</u> 42 U.S.C. § 1395ww(d)(5)(F).  The DSH adjustment is intended to reimburse hospitals for the

additional costs of treating a large number of indigent patients.  The Centers for Medicare and Medicaid ("CMS"), a component within the United States Department of Health and Human Services ("HHS"), is responsible for determining the reimbursement amount due a hospital.  42 U.S.C. § 1395g.  CMS, in turn, contracts with private insurance companies to act as "fiscal intermediaries" and assist in the day-to-day operations of the Medicare program.  See 42 U.S.C. § 1395h.

To receive payment from Medicare for services rendered, a hospital is required to file a Medicare cost report with its fiscal intermediary at the end of a cost reporting year.  42 C.F.R. § 413.20.  The intermediary is responsible for reviewing the cost reports and issuing a Notice of Program Reimbursement ("NPR") which sets forth the amount of allowable Medicare payments. 42 C.F.R. § 405.1803.

## II.    The Administrative Appeals Process

The Medicare statute establishes the review mechanisms available to Medicare providers of services, including hospitals, under Medicare Part A.  See 42 U.S.C. § 1395oo.  A provider dissatisfied with a Medicare reimbursement decision of its fiscal intermediary may appeal to the PRRB, an administrative tribunal within HHS established to hear Medicare reimbursement disputes.  42 U.S.C. § 1395oo(a).  The parties to such an appeal are the provider and the intermediary.  42 C.F.R. § 405.1843(a).  If jurisdictional prerequisites are satisfied and the Board has the authority to decide the matter at issue, the Board may hold a hearing and issue a decision. Id.

A decision of the PRRB is final unless the Secretary, on his own motion, reverses, affirms or modifies the Board's decision.  See 42 U.S.C. § 1395oo(f).  The Secretary has delegated his

3

authority to review PRRB decisions to the Administrator of CMS.  42 U.S.C.§ 1395oo(f)(1); 42

C.F.R. § 405.1875(a)(1).  A provider dissatisfied with a decision of the PRRB or the Secretary (if

the Secretary reviews a Board decision) may seek judicial review of that decision by filing a civil

action within 60 days of the date that notice of the final decision is received.  42 U.S.C.

§1395oo(f)(1); 42 C.F.R. § 405.1877(b).

**III.    The PRRB's Authority and Procedures**

The PRRB comprises five members, two of whom are provider representatives, who are

knowledgeable about Medicare provider reimbursement and who serve staggered three-year

terms.  42 U.S.C. § 1395oo(h).  The PRRB is the only administrative tribunal with jurisdiction to

hear Medicare provider reimbursement appeals that have an amount in controversy of $10,000 or

more.  42 U.S.C. § 1395oo(a).  Each of the "tens of thousands of sophisticated

Medicare-provider[s]," Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 456

(1999), may bring a separate appeal to the PRRB each year.  The focus of these appeals – the cost

report submitted by the provider for that year "is a lengthy document consisting of numerous

schedules, worksheets, and supplemental worksheets" which, "when completed, is approximately

three-quarters of an inch thick." Athens Cmty. Hosp. v. Schweiker, 743 F.2d 1,3 (D.C. Cir.

1984).  The Medicare statute and regulations at issue in these appeals have been described as

"among the most completely impenetrable texts within human experience." Johnson v. Guhl, 91

F. Supp.2d 754, 758 (D.N.J. 2000) (quoting Rehab. Ass'n of Va. v. Kozlowski, 42 F.3d 1444 (4th

Cir. 1994)).

PRRB practices are described in part in agency regulations located at 42 C.F.R. Part 405,

Subpart R.  The PRRB is vested by the Medicare statute with "full power and authority to make

rules and establish procedures, not inconsistent with" the statute or regulations, "which are necessary or appropriate to carry out" its duties.  42 U.S.C. § 1395oo(e).  Pursuant to that authority, the PRRB has established procedural rules for effectively managing its heavy case load.  The PRRB Instructions are posted on the internet and provided in hard copy on request to parties to PRRB proceedings.[1]

> The PRRB Instructions stress the importance of provider compliance with Board rules.
>
> Your appeal must also meet specific jurisdictional requirements and you must follow Board procedures.  The Board wants to stress that it follows the practice of other appeal avenues by not reminding the parties of their responsibilities to manage their own appeals.  The parties themselves, once informed of Board procedures and due dates, are responsible for complying with all Board requirements.

PRRB Instructions (March 1, 2002) Part I.B.I.a.  The Instructions also provide that  "[d]ue dates can only be changed or eliminated by written confirmation of the Board.  Because you are the moving party, if you do not meet a due date, the Board will dismiss your appeal."  PRRB Instructions, Part I.C.XIV.

To facilitate Board deliberations and to promote the effective management of its caseload, the PRRB Instructions require that providers and fiscal intermediaries submit both preliminary and final position papers.  See PRRB Instructions, Part II.B.  The specific rules governing submission of position papers are clear.  When the Board dockets a new appeal it sends the provider an Acknowledgment and Critical Due Dates letter, which establishes due dates for the provider's preliminary and final position papers and a tentative date for a hearing.  See PRRB

---

[1] From 1993 to May 2000, the Board's procedural rules were located in the agency's Provider Reimbursement Manual (PRM).  This portion of the PRM was superseded in May 2000 by the PRRB Instructions.  The PRRB Instructions are located at http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp.

Instructions, Part I. C. I.  The PRRB Instructions require the provider to submit a preliminary

position paper to the intermediary, but not the Board.  <u>See</u> PRRB Instructions, Part II.B.I.  The

provider is required, however, to submit a letter to the Board certifying that it has met its

preliminary position paper due date and to provide the Board with a copy of the first page of that

paper.  <u>See id.</u>  The Instructions make clear that if the provider "fail[s] to meet the preliminary

position paper due date and fail[s] to supply the Board with the required documentation, the

Board <u>will</u> dismiss [the provider's] appeal for failure to follow Board procedure."  <u>Id.</u> (emphasis

added).

    Although the Board will dismiss the appeal if the provider fails to file timely a

preliminary position paper, the Instructions also provide a procedure for reinstatement of a

dismissed appeal.  <u>See</u> PRRB Instructions, Part I.C.XIII.  Under this procedure, the Board will

consider requests for reinstatement that "explain in detail the reasons" why the provider "missed

a position paper due date."  PRRB Instructions, Part I.C.XIII.b.  The request for reinstatement

must be filed with the Board.  <u>See id.; see also</u> Administrative Record ("A.R.") at 8.

<b>STATEMENT OF FACTS AND PROCEDURAL HISTORY</b>

    On April 25, 2006, the Board received Plaintiff's letter appealing the decision reached by

the fiscal intermediary regarding the fiscal year ending June 30, 1999.  A.R. at 6-7.  In the letter,

Plaintiff also requested a hearing.  <u>See</u> A.R. at 7.  Plaintiff disputed two determinations by the

intermediary regarding DSH payments.  Plaintiff contended that the intermediary did not properly

determine its reimbursement in accordance with 42 U.S.C. § 1395ww(d)(5)(F)(i) and 42 U.S.C.

§ 1395ww(d)(5)(C)(i).  A.R. at 6-7; Pl.'s Mot. at 5.

    On May 9, 2007, the Board notified Plaintiff by certified mail that it was in receipt of

6

Plaintiff's hearing request and, consistent with the relevant Instructions posted on its website, asked Plaintiff to provide copies of the final determination being appealed and the audit adjustment pages relating to the disputed issues, if any, within 30 days. The Board noted that Plaintiff neglected to submit these documents with his request for a hearing, as required by its Instructions. A.R. at 5. On the same date, the Board provided Plaintiff a list of the due dates by which the intermediary and provider were to furnish preliminary and final position papers to one another. A.R. at 3-4. The notice provided that Plaintiff's preliminary position paper was due on August 1, 2007. A.R. at 3. The letter also emphasized as follows:

> You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact [CMS] about contract compliance and will schedule a hearing date.

A.R. at 4 (emphasis added).

The PRRB notified Plaintiff by certified mail on August 23, 2007, that its case was being dismissed for failure to follow Board procedure. Specifically, the Board cited its May 9th letter and noted that the preliminary position paper had not been timely submitted to the intermediary and the required information had not been submitted to the Board as mandated under its Instructions. A.R. at 2. On September 13, 2007, the intermediary received Plaintiff's (untimely) preliminary position paper along with a motion to reinstate its appeal. A.R. at 1, 10-28. The cover letter transmitting these documents was apparently also filed with the PRRB. See A.R. at 1. The Board notified Plaintiff on December 29, 2006, that its motion to reinstate must be filed directly with the Board. A.R. at 8-9. There is no evidence of record, however, that the motion

was ever filed with the Board.

## ARGUMENT

### I.    The Standard of Review Under the Administrative Procedure Act is Highly Deferential.

By statute, judicial review of Medicare reimbursement disputes is governed by the standards in the Administrative Procedure Act ("APA").  See 42 U.S.C. § 1395oo(f)(1).  In general, the APA permits agency action to be set aside if it was "in excess of statutory jurisdiction, authority or limitations, or short of statutory right," "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence."  See 5 U.S.C. § 706(2)(A), (C), (E).

Under the standards of deference in Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984), the Secretary's interpretation of the Medicare statute must be upheld so long as it represents a "permissible" construction,  Illinois Council on Long Term Care, 529 U.S. 1, 21 (2000), "within the bounds of reasonable interpretation,"  Your Home Visiting Nurses Servs., 525 U.S. at 450.  It is "settled law that the rule of deference applies even to an agency's interpretation of its own statutory authority or jurisdiction."  Mississippi Power & Light Co. v. Mississippi, 487 U.S. 354, 381 (1988) (Scalia, J., concurring).  Moreover, the Secretary's interpretation of his own regulations is entitled to "substantial deference," and "must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"  Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (internal citation omitted).  Under the general rule, an agency action may be invalidated as arbitrary or capricious under the APA only if it is "not rational and based on consideration of the relevant factors."  FCC v. Nat'l

Citizens Comm. for Broad., 436 U.S. 775, 803 (1978); see also Motor Vehicle Mfrs. Ass'n v.

State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  Similarly, agency action may not be

invalidated as "unsupported by substantial evidence," 5 U.S.C. § 706 (2)(E), if it is supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 619-20 (1966) (quoting Consol. Edison Co. v.

NLRB, 305 U.S. 197, 229 (1938)).  Furthermore, in determining whether agency action was

arbitrary or capricious or unsupported by substantial evidence, the court is not empowered to

substitute its judgment for that of the agency.  Citizens to Pres. Overton Park v. Volpe, 401 U.S.

402, 416 (1971); see also Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951).

Moreover, the law on substituting the court's judgment for that of the agency is

particularly well decided where, as here, a Plaintiff asks a court to second-guess how an

administrative tribunal manages its daunting docket.  Courts have made clear that "[a]n agency is

allowed to be master of its own house, lest effective agency decision making not occur in [a]ny

proceeding."  Natural Res. Def. Council v. SEC, 606 F.2d 1031, 1055-56 (D.C. Cir. 1979).

"This division between the administrative and judicial provinces preserves a sphere of discretion

for the agency, which alone is cognizant of the many demands on it, its limited resources, and the

most effective structuring and timing of proceedings to resolve those competing demands."  Id.;

accord Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 523

(1978).

Summary judgment is appropriate if the record, viewed in the light most favorable to the

nonmoving party, reveals that there is no genuine issue of material fact and that the moving party

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see Tao v. Freeh, 27 F.3d 635,

9

638 (D.C. Cir. 1994).

In this case, there is no genuine issue of material fact. As a matter of law, the Board's actions were clearly not arbitrary, capricious, or an abuse of discretion. To the contrary, the Board acted reasonably and in full compliance with all statutory and regulatory requirements under any standard of review. For this reason, the Secretary's Motion for Summary Judgment should be granted.

## II.    The PRRB's Authority to Control its Docket by Dismissing Claims for Failure to Meet its Deadlines is Well Established and Undisputed.

Courts, including this Court, have unanimously upheld the Board's right to promulgate and apply procedural rules that permit appeals to be dismissed for failure to meet deadlines. See, e.g., United Home Care v. Thompson, No. 99-3123, slip. op. at 9 (D.D.C. Sept. 30, 2002); (upholding Board dismissal of Plaintiff's appeal where Plaintiff failed to file a position paper); (attached hereto as Exhibit A); Novacare v. Thompson, 357 F. Supp.2d 268, 271 (D.D.C. 2005) (same); Inova Alexandria Hosp. v. Shalala, 244 F.3d 342, 351 (4th Cir. 2001) (same).

The Board's procedural requirements "help manage a docket both by encouraging timely filing and by allowing the adjudicator to ignore late or improperly presented claims." High Country Home Health, Inc. v. Thompson, 359 F.3d 1307, 1311 (10th Cir. 2004). The Board's procedural requirements, including its practice of dismissing cases for failure to meet filing deadlines are "reasonable and necessary to the smooth functioning of the agency appellate process." UHI, Inc., v. Thompson, 250 F.3d 993, 996-97 (6th Cir. 2001). The courts have repeatedly recognized the necessity for the Board to manage its own docket by rejecting appeals of previously dismissed claims, in light of its massive backlog of cases. See, e.g., High Country

10

Home Health, 359 F.3d at 1310 (noting that "the Board is burdened by immense caseload, consisting of more than 11,000 claims each year").  In United Home Care, this Court considered a provider's challenge to the Board's authority to dismiss appeals for failure to follow the Board's procedural rules requiring timely submission of a final position paper.  In that case, the Court upheld the Board's dismissal of the appeal, finding "no transgression of either the Medicare Act or the implementing regulations."  United Home Care, slip op. at 10.  Here, Plaintiff's position, like the provider in United Home Care is "extreme" and "would effectively eviscerate" any control the Board had over its docket.  Id.  Effective case management "would dissipate if claimants could ignore procedural rules."  Little Co. of Mary Hosp. and Health Care Ctrs. v. Shalala, No. 98-C-8232, slip op. at 9 (N.D. Ill. Mar. 30, 2000) (attached hereto as Exhibit B).

### III.    The Secretary's Instruction That Plaintiff Submit a Preliminary Position Paper was Authorized by Law.

Plaintiff contends that in dismissing its appeal, the Board failed to consider that the Board's Instructions require preliminary position papers to be submitted to the intermediary rather than filed with the PRRB itself and that the Instructions do not set any requirements for what should be included in a preliminary position paper.  Pl.'s Mot. at 11-12.  We note at the outset that Plaintiff never moved the Board to reinstate its appeal and thus never brought to the Board's attention any factors that Plaintiff thinks the Board should have considered.  At any rate, it is not clear how these arguments advance Plaintiff's position.  Since Plaintiff itself notes that the paper is intended to assist the intermediary in developing its settlement position and drafting a position paper (see Pl.'s Mot. at 10-11), requiring submission to the intermediary and imposing

consequences for failure to meet that requirement is entirely appropriate.   Moreover, while the

PRRB Instructions do not provide explicit direction regarding the content of a preliminary

position paper, it is unclear why this should serve as any excuse not to file one as required.  This

argument seems little more than an attempt to distract the Court from the fact that the

characteristics of a preliminary position paper have no relevance to the Secretary's well-

established authority to require the timely filing of one.  See United Home Care, slip op. at 17

(Board's "decision to deny Plaintiff's provider appeal was rational and well-supported by the

evidence . . . .  At bottom, this appeal is nothing more than a meager attempt by a law firm to

distract from its own errors.").

   The current PRRB Instructions mandate that if the provider "fail[s] to meet the

preliminary position paper due date and fail[s] to supply the Board with the required

documentation, the Board will dismiss [the provider's] appeal for failure to follow Board

procedure."  PRRB Instructions, Part II.B.I.  While indeed the Board's decision must be "rational

and based on a consideration of the relevant factors," see Motor Vehicle Mfrs. Ass'n, 463 U.S. at

43; FCC v. Nat'l Citizens Comm. for Broad., 436 U.S. 775, 803 (1978), it is well settled that

under such an analysis the PRRB may dismiss an appeal for failure to submit a preliminary

position paper.  See Novacare, Inc. v. Thompson, 357 F.Supp.2d 268, 271-72 (D.D.C. 2005)

(determining where provider's position papers were not timely filed and the Board dismissed the

appeal that "the Board exercised its discretion in a manner that was rational and that it considered

the factors relevant to the decision"); see also Inova Alexandria Hosp., 244 F.3d at 351; United

Home Care, slip op. at 9.  None of Plaintiff's arguments are relevant to the fact that it failed to

timely file its paper, despite clear and repeated instruction to do so and despite the fact that such

procedural requirements are authorized by law. Plaintiff has failed to advance any persuasive argument to the contrary. Plaintiff attempts to detract from the well-settled principle that the Board may lawfully dismiss an appeal where a filing deadline has been missed. None of Plaintiff's diversionary attempts can obscure this fact.

## IV.  The Board's Dismissal of Plaintiff's Appeal was not Arbitrary and Capricious or Outside the Board's Statutory Authority.

Plaintiff claims that the current PRRB Instructions requiring dismissal of an appeal for failure to file a position paper are arbitrary and capricious and outside the Board's authority in that they are inconsistent with the Secretary's regulations. Pl.'s Mot. at 13-16; see 42 U.S.C. § 1395oo(e). Initially, Plaintiff asserts that 42 C.F.R. § 405.1853(a) obligates the fiscal intermediary, not the provider, to ensure that the issues on appeal are narrowed and all available documentary evidence is part of the record. Pl.'s Mot. at 13. In support of this assertion, Plaintiff relies on the fact that the regulation references the intermediary's obligations, including "attempt[ing] to join with the provider in written stipulations setting forth the issues that said review has resolved and designating the issues that remain for Board resolution." 42 C.F.R. § 405.1853(a).

The intermediary's obligations under the regulations, however, do not extend to ensuring that the provider timely takes the procedural steps necessary to pursue its claim. Under the premise Plaintiff suggests here, the intermediary apparently would have no other choice where a provider had not followed the Instructions for pursuing his claim, but to wait interminably for the Plaintiff to come forward with information necessary to substantiate its claim and to allow the intermediary to assess the merits of the appeal and the potential for settlement. To the contrary,

13

the intermediary is not required to wait in this fashion.  Rather, if the provider fails to submit the

preliminary position paper, the intermediary needs to begin preparation of its own position paper,

see PRRB Instructions, II.B.I, and the Board will justifiably dismiss the appeal.

Plaintiff discounts its own responsibility in ensuring that the Board has the appropriate

materials in this regard.  The regulation provides in pertinent part as follows.

> [T]he intermediary shall ensure that all available documentary evidence in support of
> each party's position is part of the record.  Such evidence will ordinarily include a
> position paper from the provider, a position paper from the intermediary, and any
> documents which support the issues addressed in the stipulations.  These materials, in
> addition to all relevant documents which formed the basis for its determination of the
> amount of program reimbursement, shall be forwarded to the Board within 60 days after
> the date of the provider's request for Board review.

42 U.S.C. §  1853(a) (emphasis added).  The intermediary can fulfill its obligation to provide the

Board with the materials it needs to consider the appeal only if the provider first fulfills its

obligation to furnish the intermediary with its position paper.  This Court should not countenance

Plaintiff's request to reverse the PRRB's dismissal of its appeal based on the intermediary's

obligation where, as here, it is Plaintiff's hands that are dirty.

In addition, Plaintiff contends that the Board exceeded its authority because its

regulations explicitly grant the Board the power only to "affirm, modify, or reverse a

determination of an intermediary."  42 C.F.R. § 405.1869.  Plaintiff argues that the Board,

therefore, does not have the authority to dismiss such a determination.  This contention is neatly

refuted by reference to the cases cited herein that have held that the PRRB clearly has authority

to manage its docket by dismissing an appeal that is not timely prosecuted.  See United Home

Care, slip op. at 9; High Country Home Health, 359 F.3d at 1311; UHI, 250 F3d. at 996-97.

Indeed, as addressed supra, courts that have considered the issue have consistently upheld

14

PRRB dismissals where the Board dismissed the appeal as a matter of course when the provider

missed a filing deadline, but where it also furnished the provider with a second chance to explain

its failure to meet the deadline through a request for reconsideration.  See, e.g., High Country

Home Health, 359 F.3d at 1315 ("the Board was under no obligation to consider the merits

before dismissing the claims on procedural grounds"); Inova Alexandria Hosp., 244 F.3d at 350-

51(rejecting Medicare provider's challenge to Board dismissal of its appeal for failure to comply

with deadline imposed by Board rule); St. Joseph's Hosp. v. Shalala, No. 99-7775, slip op. at 10

(N.D. Ill. 2000) ("The Hospital missed a deadline, and its case was dismissed.  We do not find

that the Board was under any obligation to consider any other facts.") (attached hereto as Exhibit

C).  Similarly, in the instant case, while Plaintiff's appeal was dismissed pursuant to the PRRB

Instructions for failure to timely file a preliminary position paper, Plaintiff was afforded the

opportunity to seek review of the dismissal through a request for reinstatement, but never

perfected the filing of such a request.  A.R. at 1, 8-9, 11-28.

　　　　This Court has explicitly addressed this issue, agreeing with the court in UHI that:

> both the procedural requirement itself, as well as the Department's application of it, are
> reasonable and necessary to the smooth functioning of the agency's appellate process, and
> therefore [a decision insisting on compliance therewith] cannot be considered arbitrary
> and capricious or an abuse of agency discretion.

Novacare, 357 F.Supp.2d at 272 (citation omitted).

　　　　Plaintiff simply failed to follow the Board's Instructions in pursuing its appeal and then

neglected to appropriately request reconsideration of the appeal's dismissal.  Irrespective of these

facts, Plaintiff invites the Court to place the burden for these failures squarely on the Secretary's

shoulders and to endorse a provider's refusal to comply with agency procedures.  The Court

should decline Plaintiff's invitation.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that this Court grant his

motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the

Board's decision dismissing Plaintiff's administrative appeal.


Respectfully submitted,


  /s/
JEFFREY A. TAYLOR
United States Attorney
D. C. Bar No. 498610

  /s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

  /s/
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
202-205-8779
Facsimile: (202) 401-1405

Counsel for Defendant

<u>OF COUNSEL</u>:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAPID CITY REGIONAL HOSPITAL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 01:06CV01828 (GK) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services, hereby responds to Plaintiffs' Statement of Material Facts As To Which There Is No Genuine Issue ("Plaintiffs' Statement") in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).

Defendant avers that, to the extent that the parties disagree as to the facts underlying the present action, those disagreements are not material. All material facts are those found in the record, and under the Medicare statute, 42 U.S.C. § 1395oo(f)(1), and the Administrative Procedure Act, 5 U.S.C. § 706(2), the facts found by the agency are reviewed to determine whether they are unsupported by substantial evidence taken as a whole. Nevertheless, responding specifically to the numbered paragraphs of Plaintiffs' Statement and using the same paragraph numbering, Defendant responds to the following specific assertions in Plaintiffs' Statement:

3. Defendant disputes any suggestion in this paragraph that the fiscal intermediary made

any errors in reaching its determination.  A.R. at 6-7.

5.  Defendant disputes this paragraph.  The preliminary position paper fulfills, in part, the provider's obligation to provide the intermediary and the Provider Reimbursement Review Board ("PRRB" or "Board") with information about its claims.  42 C.F.R. § 405.1841(a)(1); 42 C.F.R. § 405.1853(a).  Moreover, the Board's instructions, as well as Plaintiff's Motion for Summary Judgment, indicate that the preliminary position paper must be sufficient to inform the intermediary of issues involved in the appeal so that the parties may attempt to reach a settlement of the dispute and so that the intermediary may prepare its own preliminary position paper.  See Pl.'s Mot. at 7; PRRB Instructions, Part II.B.I.

6-7.  Defendant disputes these paragraphs.  While the preliminary position paper is primarily intended for use by the intermediary, it is for the PRRB's use as well.  It is part of the total record that the Board has before it for consideration of a provider's appeal.  42 C.F.R. § 405.1841(a)(1); 42 C.F.R. § 405.1853(a).

8.  Defendant disputes this paragraph.  The Board and the intermediary were entitled to receive a fuller description of the bases for the provider's position than was contained in the April 21, 2006 appeal letter.  See A.R. at 6-7.

9.  Defendant disputes this paragraph.  Elsewhere in Plaintiff's submissions it contends that it failed to meet the relevant deadline because of a miscommunication between the hospital and its reimbursement consultant or, generally, because of an administrative error.  See Pl.'s Mot. for Summary Judgment at 5; Compl. ¶ 13.

11-12.  Defendant disputes any suggestion that the intermediary was not prejudiced by Plaintiff's failure to submit its preliminary position paper.  The intermediary was deprived of the

2

fuller explanation of the bases for the provider's position that would have been contained in the preliminary position papers.  42 C.F.R. § 405.1841(a)(1); 42 C.F.R. § 405.1853(a).

14.  Defendant disputes this paragraph.  Courts have consistently found that the PRRB has the authority to dismiss an appeal where the provider missed a filing deadline.  See, e.g., United Home Care v. Thompson, No. 99-3123, slip op. at 17 (D.D.C. Sept. 30, 2002); High Country Home Health v. Thompson, 359 F.3d 1307, 1315 (10th Cir. 2004); UHI, Inc. v. Thompson, 250 F.3d 993, 996-97 (6th Cir. 2001).

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR
United States Attorney
D. C. Bar No. 498610


 /s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220


 /s/
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
202-205-8779

3

<u>OF COUNSEL</u>:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services

OCT-03-02 12:06 From:                                    T-383 P.03   Job-476
FROM U. S. ATTORNEY S        OFFICE          (TUE) 10  3  12  0  32.01  C. 432 NO. 400.393/30  P   0

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED HOME CARE,

    Plaintiff,

    v.

TOMMY G. THOMPSON, Secretary of
Health and Human Services,

    Defendant.

2002 OCT -2  P 4:31

U.S. DISTRICT ... OFFICE
... ... DIVISION

Civil Action No. 99-3123 (CKK)

**FILED**

**SEP 3 0 2002**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION
(September 30 , 2002)

This case comes before the Court on the parties' cross-motions for summary judgment.
Plaintiff, United Home Care ("UHC" or "Plaintiff"), filed suit seeking review, pursuant to the
Medicare Act, 42 U.S.C. § 1395 *et seq.*, and the Administrative Procedure Act ("APA"), 5
U.S.C. § 551 *et seq.*, of a final decision of Defendant Tommy G. Thompson, Secretary of Health
and Human Services ("Secretary"), dismissing Plaintiff's administrative appeal to the Provider
Reimbursement Review Board ("PRRB" or "Board") for reasonable costs incurred by Plaintiff in
providing home health care services to Medicare beneficiaries.

The Board dismissed Plaintiff's appeal because Plaintiff failed to file a position paper
with the Board, as required by a Board rule. It is undisputed that Plaintiff was aware of this rule
and aware of the deadline for submission of its papers. Seeking to have this Court diverge with
relevant precedent from the Fourth and Sixth Circuits, Plaintiff alleges that the Board's denial of
Plaintiff's appeal, as memorialized in a letter dated November 10, 1999, constituted unlawful
rulemaking and was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance

N)

44

with law. Defendant responds that the Board properly complied with both the Medicare Act and the APA, and that the Board's actions were not arbitrary or capricious. Having considered both parties' cross motions, oppositions, replies, and the entire record presently before it, the Court shall deny Plaintiff's motion, grant Defendant's motion, and dismiss Plaintiff's action from the Court with prejudice. Although the Court has considered all of Plaintiff's arguments in its voluminous briefing, it has not sought to address each contention in this Memorandum Opinion because not all of Plaintiff's arguments were meritorious of discussion by the Court.

## I. BACKGROUND

*A. Statutory and Regulatory Framework of the Medicare Program*

The Secretary of Health and Human Services is granted the authority to promulgate rules and regulations implementing and interpreting Title XVIII of the Social Security Act, also commonly known as the Medicare Act. *See* 42 U.S.C. § 1395-1395ggg. This case involves only Part A of the Medicare Act, which covers "home health services" provided to Medicare beneficiaries. 42 U.S.C. § 1395c. Under Part A, Medicare authorizes payment for, *inter alia*, home health services to Medicare beneficiaries. 42 U.S.C. §§ 1395c, 1395d. A home health agency may participate in the Medicare program as a "provider" of services by entering into a provider agreement with the Secretary of Health and Human Services. 42 U.S.C. § 1395cc. In order to obtain reimbursement for services furnished to Medicare beneficiaries, a provider must file an annual cost report. 42 U.S.C. § 1395g(a); 42 C.F.R. §§ 413.20(b), 413.24(f). The Secretary contracts out certain audit, administrative and payment functions to external organizations (usually a private insurance company) known as "fiscal intermediaries," who audit the cost report of the providers. 42 C.F.R. § 405.1803. The fiscal intermediary issues a

-2-

.0CT-03-02  12:05  From:                                                    T-383  P.05/20  Job-476
FROM u. S. ATTORNEY S    OFFICE            (THU, OCT  3 '02  3:32, K, NM  G. 48/48, NO. 300.3311S4  P. 4

determination of the total amount of Medicare reimbursement due in the form of a Notice of
Program Reimbursement (NPR). *Id.*

   If a fiscal intermediary denies a reimbursement and the amount in controversy is greater
than $10,000.00, the provider may appeal the decision by filing, within 180 days after being
notified of the denial, a request for a hearing with the PRRB, an administrative body within the
Department of Health and Human Services established by statute to resolve Medicare payment
disputes. 42 U.S.C. § 1395oo(a). Practices of the Board are detailed in regulations promulgated
by the Secretary and codified at 42 C.F.R. Part 405, Subpart R. Moreover, the Board has "full
power and authority to make rules and establish procedures, not inconsistent with" the Medicare
Act or regulations, as long as they are "necessary or appropriate to carry out" its duties. 42
U.S.C. § 1395oo(e). In addition, the Provider Reimbursement Manual ("PRM") specifically
describes the procedures for appeals before the PRRB. According to the PRM, the provider
pursuing an appeal before the Board and the provider's intermediary are each required to submit
position papers in compliance with the schedule established by the PRRB. Def.'s Mot., Ex. 1,
PRM § 2921.5 (hereinafter only cited to the PRM).

   The PRM expressly states that the Board may dismiss a provider's appeal if the provider
fails to submit its position paper in a timely fashion. PRM § 2921.4E. The Board hears requests
for reinstatement by a provider after an appeal has been dismissed. PRM § 2924.4B. The Board
may reinstate a dismissed request for a hearing on its own motion or upon the request of a party.
*Id.*, PRM § 2924.4D. The Board's decisions can be subject to further review by the Secretary.[1]

_____

   [1] The Secretary has delegated his authority to review Board decisions to the Administrator
and Deputy Administrator of the Centers for Medicare and Medicaid Services ("CMS"), formerly
the Health Care Financing Administration ("HCFA").

42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1871. The decision of the Board becomes final unless the Secretary grants review and reverses, affirms, or modifies the Board's action within 60 days after the provider receives the Board's decision. 42 U.S.C. § 1395oo(f)(1). A provider dissatisfied with the final decision of the Secretary may request judicial review of the decision by filing suit, within 60 days after receiving the Board's decision, in the U.S. District Court for the judicial district in which the provider is located or in the U.S. District Court for the District of Columbia. *Id.*

## B. Specific Facts of the Case

The salient facts of this case are not disputed. Plaintiff is a provider of home health services located in Ohio. Pl.'s Stmt. of Material Facts Not Genuinely at Issue ("Pl.'s Stmt.") ¶ 1. On November 19, 1997, Plaintiff filed a request for a hearing and notice of appeal with the PRRB challenging the final determination of the total Medicare reimbursement made by its fiscal intermediary for the 1995 cost year. Administrative Record ("A.R.") at 292-93. Plaintiff designated the law firm of Powers Pyles Sutter & Verville, P.C. ("PPSV") as its representative before the Board, and Ms. Barbara Straub of PPSV signed and filed Plaintiff's hearing request before the Board. *Id.* at 292-93. The PRRB acknowledged receipt of Plaintiff's appeal and docketed it as Case No. 98-0261. *Id.* at 291. Plaintiff timely submitted a list of issues on appeal to the Intermediary as well as to the PRRB, in accordance with the PRRB's procedures. A.R. at 288-90.

On March 6, 1998, the PRRB sent a Notice of Hearing and Request for Position Papers to Plaintiff's law firm, stating that the final position papers in Plaintiff's appeal needed to be filed with the PRRB no later than September 1, 1999. *Id.* at 285. This Notice of Hearing and Request

-4-

.OCT-03-02 12:08  From:    T-363  P.07/20  Job-476
FROM U.S. ATTORNEY'S    OFFICE    (TEL) 10. 5 02  9:53.8..  8:45/NO.460:591731 F .2

for Position Papers provided:

> The due dates for position papers will not be changed regardless of
> any motions, jurisdictional challenges, discovery requests, requests
> for subpoenas, etc. *Failure of the Provider to submit its position [sic]*
> *papers by the above deadlines will result in dismissal of the appeal.*
> Failure of the Intermediary to submit its position papers by the
> deadlines will result in the Board notifying HCFA and scheduling the
> case for hearing. NOTE: NO FURTHER REMINDER LETTER OR
> OTHER NOTICE WILL BE SENT REGARDING THE
> DEADLINES FOR POSITION PAPERS.

*Id* (italics not in original). There is no dispute that Plaintiff's counsel received the Notice of

Hearing and Request for Position Papers. Pl.'s Stmt. ¶ 8. Nevertheless, on September 1, 1999,

Plaintiff failed to file its position papers with the Board. Pl.'s Stmt. ¶ 12. Thereafter, on

September 30, 1999, the Board dismissed Plaintiff's appeal for failure to submit position papers

in a timely manner in accordance with the Board's prior instructions. A.R. at 284.

On October 26, 1999, Plaintiff filed a request for reinstatement of its appeal, explaining

why it had failed to file a position paper and asking the PRRB to still accept its position paper for

filing. *Id*. at 47-52. Plaintiff's request for reinstatement stated:

> [T]he Provider's failure to file a position paper was attributable to its
> _representative's error, and to confusion and failures in
> communication within the representative law firm after the previously
> responsible attorney left employment with that firm. There was no
> intent by the Provider to abandon its appeal, and no fault on the
> Provider's part for the untimeliness of its position paper submission.

*Id*. at 50.[2] On November 10, 1999, the Board refused to grant Plaintiff's request for

---

[2] According to Plaintiff, on February 1, 1999, Ms. Straub left PPSV to travel abroad.
Pl.'s Stmt. ¶ 16. Before leaving PPSV, Ms. Straub requested that a secretarial staff member enter
the filing date for the final position papers in Plaintiff's appeal into the firm's centralized docket
system. *Id*. ¶ 17. In its letter requesting reinstatement of its appeal, PPSV stated that it "has a
great deal of experience representing Medicare providers before the PRRB, and is well aware of
the importance of complying with the Board's due dates." A.R. at 49. According to the letter,

reinstatement of the dismissed appeal, stating in its letter:

> As the moving party in the case, the provider is required to file the
> appropriate documents with the Board by the established due dates.
> The Provider was notified by a Notice of Hearing and Request for
> Position Papers, dated March 6, 1998 that final position papers were
> to be filed with the Board no later than the 1st of September 1999.
> That same letter warned that the consequence of failing to file
> position papers timely would result in dismissal of the appeal. You
> were responsible for taking note of the warning, for accurately
> recording the deadlines, and for complying with the Board's schedule.
> The Board does not view clerical oversight within an organization as
> a sufficient cause for noncompliance with the Board's directions and
> deadlines.

*Id.* at 45.

On November 23, 1999, Plaintiff requested review of PRRB's decision by the HCFA

Administrator. *Id.* at 3-13. On January 7, 2000, the HCFA Deputy Administrator declined to

review the Board's action. *Id.* at 1-2. Consequently, the Board's dismissal of and refusal to

reinstate Plaintiff's appeal became the final decision of the Department of Health and Human

Services. Plaintiff timely filed this suit to overturn the PRRB's dismissal and refusal to reinstate

its administrative appeal.

## C. *Plaintiff's Claims*

Plaintiff's complaint, as amended on March 2, 2000, states four causes of action against

Defendant. In Count I, Plaintiff states that the Board's dismissal of its appeal was contrary to

both the Medicare Act, 42 U.S.C. § 1395oo and the implementing regulations at 42 C.F.R. §

---

PPSV maintains a "fail-safe" mechanism for recording due dates by placing them on (1) the
individual calendars of the specific attorneys responsible for the matters; and on (2) a firm-wide
docket. *Id.* In this case, a clerical error on the part of the person whose job it was to enter the
date on the firm-wide docket combined with the departure of the responsible attorney, meant that
the due date was not properly recorded. *Id.*

OCT-09-02  12:07  From:                                                   T-383  P.08/20  Job-476
FROM U. S. ATTORNEY'S     OFFICE                     (MON) 0.  9 .2  0  33.5.. C  45/NO. 450.591152  P 14

405.1835(a) and a violation of due process. Am. Compl. ¶ 57. In Count II, Plaintiff alleges that

rules authorizing dismissal of a provider's appeal for failure to file a timely position paper are

invalid because the provisions were not subject to the advance notice and comment rule-making

procedures mandated by the APA. *Id.* ¶ 58-60. In Count III, Plaintiff contends that the PRM

provisions at issue are contrary to the Medicare Act and its implementing regulations and thus

exceed the Board's statutory authority. *Id.* ¶ 61. Lastly, in Count IV, Plaintiff alleges that the

Board's dismissal of Plaintiff's appeal and refusal to reinstate the appeal was, for various

reasons, arbitrary and capricious, and an abuse of discretion. *Id.* ¶ 62.

## II. STANDARD OF REVIEW

The APA empowers the Court to "hold unlawful and set aside agency action, findings,

and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right." 5 U.S.C. § 706(2)(A) and (C). Although the judiciary bears the responsibility

under the APA to set aside agency decisions that meet this description, *see MD Pharmaceutical,

Inc. v. Drug Enforcement Admin.*, 133 F.3d 8, 16 (D.C. Cir. 1998), "[t]he scope of review under

the 'arbitrary and capricious standard' is narrow and a court is not to substitute its judgment for

that of the agency." *Motor Vehicle Mfrs Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29,

43 (1983). Nonetheless, this Circuit has held that "where the agency has failed to provide a

reasoned explanation, or where the record belies the agency's conclusion, we must undo its

action." *Petroleum Communications, Inc. v. F.C.C.*, 22 F.3d 1164, 1172 (D.C. Cir. 1994) (citing

*American Tel. & Tel. Co. v. F.C.C.*, 974 F.2d). Summary judgment is appropriate if the record,

viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law. *See Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994); Fed. R. Civ. P. 56(c).

## III. DISCUSSION

The Court rejects Plaintiff's claims because the Board properly acted pursuant to its statutory authority in dismissing Plaintiff's appeal. The Court finds persuasive Fourth and Sixth Circuit precedent that have addressed the same issue presently before the Court. The Court shall address each count of Plaintiff's complaint systematically.

*A. Count I: Violation of Statutory and Regulatory Rights*

Plaintiff argues that "the Board's deprivation of the hearing rights granted to plaintiff under the Medicare statute at 42 U.S.C. § 1395oo(a)(1) and federal regulations at 42 C.F.R. § 405.1835(a) is inconsistent with the Medicare Act and its implementing regulations and deprives plaintiff of its rights to due process." Am. Compl. ¶ 57. Section 1395oo(a) states that a provider "may" secure a hearing by the Board. The use of the permissive term "may" rather than the required "shall" indicates that Congress deliberately decided to give the agency some discretion. *Appalachian Power Co. v. EPA*, 135 F.3d 791, 807 (D.C. Cir. 1998) ("We have noted that when a statute uses the permissive may rather than the mandatory shall, this choice of language suggests that Congress intends to confer some discretion on the agency, and that courts should accordingly show deference to the agency's determination. However, such language does not mean the matter is committed exclusively to agency discretion.") (internal quotation marks and citation omitted). Confronted with the permissive language in the statute, Plaintiff directs the Court to language in the implementing regulations which state that "[t]he provider (but no other individual, entity, or party) has a right to a hearing before the Board about any matter designated

-8-

in § 405.1801(a)(1)." 42 C.F.R. § 405.1835(a). Plaintiff seizes upon this language as proof that

the Board was required to give Plaintiff a hearing. Pl.'s Mot. at 29-30 ('While Congress'

permissive language admittedly left the agency some discretion in construing and applying the

provision, the agency filled the statutory 'gap' and exercised that discretion by promulgating the

formal, legislative rule codified at § 405.1835(a).''). The Court is not persuaded.

There is simply no statutory "gap" to fill and the clear text of the Medicare Act states that

the Board "may" provide a hearing at its discretion. Indeed, as the Fourth Circuit has noted, "the

right to a hearing must be read in conjunction with the statutory provision that allows the Board

to establish procedures to implement the section providing for appeals (or hearings)." *Inova*

*Alexandria Hosp. v. Shalala*, 244 F.3d 342, 349 (4th Cir. 2001) (citing 42 U.S.C. § 1395oo(e)).[3]

*Inova* also involved a Medicare provider who brought suit against the Board for dismissing its

appeal for failure to file a position paper. *Id.* at 345. The plaintiff in *Inova*, like Plaintiff in the

instant case, claimed that the Medicare Act gave providers an absolute right to a hearing

regardless of whether the provider neglected to file its positions paper by the due date. *Id.* at 349.

The Fourth Circuit disagreed and concluded that the provision in the Medicare Act permitting the

Board to establish procedures "surely empowers the Board to adopt rules that govern the

dismissal of provider appeals." *Id.* As such, the *Inova* Court held that the Medicare Act does not

give providers an "unqualified right to a hearing," and that "the Act is not offended by a rule that

allows for dismissal when position papers are not filed on time." *Id.*

The Fourth Circuit's analysis is persuasive. The right to a hearing provided in the

_____

[3] Plaintiff argues that this case contains "glaring deficiencies in legal analysis." Pl.'s
Reply at 13. The Court notes that Plaintiff's counsel represented the losing party in *Inova*.

.OCT-03-02  12:08  From:                                        T-383  P.12/20  Job-478
FROM U. S. ATTORNEY'S     OFFICE           (TUE)10. 2  02  0.04 C..  0.49/ N0. 400. 331.02  P  1

agency's implementing regulations is obviously tempered by the agency's statutorily provided
right to create rules governing the filing of appeals. *See* 42 U.S.C. § 1395oo(e) ("The Board
shall have full power and authority to make rules and establish procedures."). It is not disputed
that Plaintiff would have been provided a hearing had its position papers been timely filed.
However, in order to have enjoyed the right to the hearing, Plaintiff needed to have complied
with the Board's procedural rules. When Plaintiff failed to comply with those rules, the appeal
was dismissed. The Court finds no transgression of either the Medicare Act or the implementing
regulations by the Board's action in this case. In fact, Plaintiff's argument would suggest that the
Board could never dismiss an appeal for failure to follow a procedural rule established by the
Board. Such an extreme position would effectively eviscerate any control the Board had over its
docket. Indeed, under Plaintiff's interpretation of the Medicare Act and its implementing
regulations, if a provider failed to file a position paper, the Board would be powerless to act to
dismiss the appeal because the provider's right to hearing, under Plaintiff's view, is absolute.
The Court disagrees with this untenable view of the Medicare Act and finds that the Board's
action in this case was not in contravention of the Medicare Act or its implementing regulations.[4]

## B. Count II: Unlawful Rulemaking

Plaintiff also claims that the "provisions of the PRM purporting to authorize dismissal of
a provider's appeal to the Board for failure to file a timely pre-hearing position paper are invalid

---

[4] Although in its briefing it appears to abandon the claim, Plaintiff did assert in its
amended complaint that the Board's dismissal of its appeal violated due process because it did
not have an opportunity to be heard before the dismissal. The Court disagrees. As previously
noted, the Medicare Act does not confer upon Plaintiff an absolute right to a hearing regarding
provider reimbursement. As the Fourth Circuit in *Inova* aptly stated, "just as the Medicare Act
does not provide an unqualified right to a hearing, neither does the Due Process Clause provide
such a right." *Inova*, 244 F.3d at 352. Thus, the Court dismisses Plaintiff's due process claim.

.OCT-09-02 12:09 From:                                                    T-383 P.19/20 Job-478
FROM U. S. ATTTORNEY'S     OFFICE             (TUE)10. 9 02  9:04/P..  0.92/No. 4601391752 P 19

rules issued by the Secretary without the advance notice and comment procedures required by the Administrative Procedure Act." Am. Compl. ¶ 58. The APA generally mandates that an agency first publish notice of a proposed rule in the Federal Register to give interested parties a chance to comment upon it before it becomes final. 5 U.S.C. § 551 *et seq.* However, the APA expressly waives procedural rules from the notice and comment rulemaking process. 5 U.S.C. § 553. Section 553 specifically exempts "rules of agency organization, procedure, or practice" from the notice and comment requirements of the APA. 5 U.S.C. § 553(b)(A).[3]

Plaintiff erroneously contends that the rule permitting the Board to dismiss Plaintiff's appeal is not a procedural rule. Pl.'s Mot. at 36 ("Those rules are more than merely procedural; and they required notice and comment rulemaking to be valid under the law."). The Court of Appeals for the District of Columbia Circuit has held that a rule is procedural, and hence exempt from the notice and comment provisions of the APA, if it does not "alter the rights or interests of parties, although it may alter the manner in which the parties present themselves or their viewpoints to the agency." *JEM Broad. Co., Inc. v. FCC*, 22 F.3d 320, 326 (D.C. Cir. 1994) (internal quotation marks and citation omitted). "Rules that 'prescribe [ ] a timetable for asserting substantive rights' are procedural. And unless such rules 'foreclose effective opportunity to make one's case on the merits,' they need not be promulgated pursuant to notice-and-comment rulemaking." *National Whistleblower Center v. NRC*, 208 F.3d 256, 262 (D.C. Cir. 2000) (quoting *Lamoille Valley R.R. Co. v. ICC*, 711 F.2d 295, 328 (D.C. Cir. 1983)).

In the case at bar, the PRM provision authorizing the Board to dismiss a provider's appeal

----

[3] 5 U.S.C. § 553 states that the notice and comment procedures apply only to "legislative" or "substantive" rules, as differentiated from the rules of procedure that are at issue here.

-11-

.OCT-03-02 12:08 From:                                    T-383 P.14/20 Job-478
FROM U.S. ATTORNEY'S    OFFICE           (THU) 3: 2 02  0:05/21  0:45/.NO.480199175Z 1 23

for failure to timely submit final position papers is a time-based procedural rule that need not

pass through the notice and comment process. The relevant PRM rules do not change the

substantive standards by which the Board evaluates Medicare reimbursement issues. As the

Court in *Inova* concluded, the Board "adopted a procedural rule for handling appeals." *Inova*,

244 F.3d at 350. Thus, the Court rejects Plaintiff's claim that the PRM provisions were

unlawfully promulgated without following the APA's notice and comment requirements. The

PRM provision at issue is a valid procedural rule.

### C. *Count III: Action in Excess of Statutory Authority*

Plaintiff argues that "[t]he provisions of the PRM purporting to authorize dismissal of a

provider's appeal to the Board for failure to file a timely pre-hearing position paper are

inconsistent with the Medicare Act . . . and its implementing regulations . . . insofar as they are

applied to deny providers the hearing rights conferred by the above-cited statutory and regulatory

provisions." Am. Compl. ¶ 61. This Count of Plaintiff's Amended Complaint is essentially

another formulation of the losing argument made by Plaintiff in Count I. The Medicare Act

provides the Board, under 42 U.S.C. § 139500(e), the authority to establish rules and procedures

as it deems necessary. Thus, a rule authorizing dismissal of a provider's appeal for failure to

submit a position paper is not in excess of its statutory authority. Thus, the Court summarily

dismisses Count III.[6]

---

[6] Plaintiff makes a series of arguments throughout its pleadings that allowing it to submit
a final position paper after the deadline would not inconvenience the Board's proceedings. This
argument is not germane to the legal question of whether the Board can promulgate such rules.
The Board clearly is within its right to make such rules and Plaintiff's various contentions are
inapplicable to the question at bar. The Court notes that it also denies Plaintiff's Motion for
Leave to File Supplementary Documents and Memorandum in Support Thereof. The documents
Plaintiff wishes to file involve this issue of inconvenience to the Board and were filed outside of

### D. Count IV: Arbitrary and Capricious Agency Action and Abuse of Discretion

Plaintiff argues in its final count that the Board's dismissal of Plaintiff's appeal and denial of its request for reinstatement was arbitrary and capricious and an abuse of discretion. Am. Compl. ¶ 62. The Sixth Circuit addressed this same issue and concluded that "[b]oth the procedural requirement itself, as well as the Department's application of it, are reasonable and necessary to the smooth functioning of the agency appellate process, and therefore cannot be considered arbitrary and capricious or an abuse of agency discretion." *UHI, Inc. v. Thompson*, 250 F.3d 993, 996-97 (6th Cir. 2001). In its Amended Complaint, Plaintiff identifies seven reasons why the agency's action was arbitrary and capricious and an abuse of discretion. Despite the Court's concurrence with the analysis of the Sixth Circuit, the Court briefly considers Plaintiff's arguments in the interest of completeness.

First, Plaintiff argues that the Board's dismissal of Plaintiff's appeal was inconsistent with a previous Board decision in *St. Francis Hospital*, PRRB Case No. 96-1787. Am. Compl. ¶ 62a. Plaintiff's reliance on this case is misguided. *St. Francis* was decided according to the PRRB's Hearing Manual provisions which were no longer in effect or modified at the time of Plaintiff's complaint. Def.'s Mot. at 14. Specifically, *St. Francis* was decided under an "intent to abandon" standard that authorized the Board to deny a provider appeal only in the event that it became evident that the provider has abandoned its intention to have a hearing in the dispute. Def.'s Mot., Ex. 2, PRRB Hearing Manual §§ 1300.62(c), 1300.623. By November 19, 1997, the date on which Plaintiff filed its appeal to the Board, the "intent to abandon" standard had been

the original pleadings and did not contain any evidence "just learned." Thus, the Court denies Plaintiff's motion for leave to file.

publicly rescinded and replaced in September 1993 by revised PRM procedures. Def. Mem. at

15; 58 Fed. Reg. at 60,458. Therefore, the Board was not required to follow an outdated standard

in deciding Plaintiff's case. Again, there is no dispute that Plaintiff was aware that the Board

would dismiss its appeal if it failed to file in a timely manner its position papers.

Second, Plaintiff argues that "[t]he Board has given preferential treatment to the

Secretary's representative by severely penalizing plaintiff for its failure to meet a deadline, while

intermediaries guilty of the same failure are routinely permitted to escape any sanction of similar

severity." Am. Compl. ¶ 62b. The Board's differential treatment of fiscal intermediaries and

providers is not arbitrary and capricious and is not an abuse of discretion. Although the Board

can report fiscal intermediaries who fail to timely submit position papers to HCFA, while it can

dismiss providers' appeals for failure to do the same, the Medicare program distinguishes these

parties because providers have a vested interest in obtaining reimbursement. The Medicare

program requires that providers affirmatively prove their eligibility and right to Medicare

reimbursement. See 42 U.S.C. § 1395g; 42 C.F.R. §§ 413.20, 413.24. Fiscal intermediaries, on

the other hand, merely determine the reimbursement amounts that are challenged before the

Board and have no stake in the outcome of the case. See 42 U.S.C. § 1395(h); 42 C.F.R. §§

405.1801-405.1833, 421.5(a). As a result, only providers, and not fiscal intermediaries, are

allowed to request a hearing before the Board, or judicial review of the Board's decision. 42

U.S.C. § 139500(a), (f)(1). Thus, the Court finds that the agency's different treatment of

providers and fiscal intermediaries is not arbitrary and capricious, and is not an abuse of

discretion.[7]

Third, Plaintiff alleges that the Board should have considered a variety of factors before dismissing Plaintiff's appeal. Am. Compl. ¶ 62c. This argument is unavailing. Defendant was acting within its authority to promulgate rules of procedure regarding dismissing appeals. There is no requirement that the Board install some sort of balancing test that Plaintiff seeks to impose unilaterally on the Board.[8] In this case, the Board specifically considered Plaintiff's reason for its failure to meet the filing due date, including the detailed circumstances of PPSV's clerical oversight, and concluded, based upon these rational and relevant factors, that Plaintiff's reason lacked sufficient merit. The Board offered a "rational connection between the facts found and the choice made," *see State Farm*, 463 U.S. at 43, and in this way provided a satisfactory

---

[7] Such different treatment is similar to Federal Appellate Rule of Procedure 31(c) which treats similar failures by appellants and appellees differently. If an appellant fails to file a timely brief, the appellee may move for dismissal. Fed. R. App. P. 31(c). If an appellee fails to file a timely brief, the only result is that the appellee will not be heard at oral argument except by permission of the Court. *Id*.

[8] In a similar vein, Plaintiff argues that, as a general matter, the abuse of discretion standard the Court should use in reviewing Plaintiff's claims is the same abuse of discretion standard an appellate court would use to review a district court's dismissal of a case for want of prosecution under Federal Rule of Civil Procedure 41(b). Pl.'s Mot. at 13. This argument lacks merit on its face. There is absolutely no basis for importing the Rule 41(b) standard to the present case, and Plaintiff offers no caselaw to support such a position. Plaintiff confuses the different functions of district courts and agencies, and relies on case law involving federal rules rather than the appropriate doctrines of administrative law. The FRCP plainly does not apply in the agency context. As the Supreme Court stated, courts and agencies occupy different roles that "preclude wholesale transplantation of the rules of procedure, trial and review which have evolved from the history and experience of courts." *FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 143 (1940). Further, "to assimilate the relation of these administrative bodies and the courts to the relationship between lower and upper courts is to disregard the origin and purposes of the movement for administrative regulation." *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 281 (D.C. Cir. 1972) (quoting *Pottsville*, internal quotations omitted). For this same reason, Plaintiff's attempt to interpose a Rule 41(b) standard on these proceedings is not permitted.

OCT-03-02  12:11  From:                                              T-383  P.18/20  Job-478
FROM U.'S. ATTORNEY'S      OFFICE                    (MON.U.  3 02  0.00 0.   0 45/.NO. 400:591:152 P 23

explanation for its decision. The Board did not abuse its discretion in an arbitrary or capricious manner, but used well-supported reasoning to come to its decision.

Fourth, Plaintiff charges that the "PRRB's grounds for denying the request for reinstatement lack a rational basis supportable by the administrative record before the Board." Am. Compl. ¶ 62d. The Court summarily rejects this contention. The Board found that Plaintiff failed to meet the known procedural requirements as memorialized in the Notice of Hearing and Request for Position Paper sent to Plaintiff's law firm, PPSV, on March 6, 1998. A.R. at 285. In this same letter, the Board also notified PPSV, in capital block letters, that this would be the last notice sent on the matter of position papers. *Id.* As stated in *Inova,* "a provider's statutory right to a hearing is not unduly burdened by a rule allowing dismissal for failure to file a timely position paper." *Inova,* 244 F.3d at 349. The Board properly invoked its discretionary authority when it explained that it did "not view clerical oversight within an organization as a sufficient cause for noncompliance with the Board's directions and deadlines." A.R. at 45. The Court finds that nothing more was required of the Board.

The final three arguments Plaintiff makes as to why the agency's decision was arbitrary and capricious and an abuse of discretion fare no better. Plaintiff claims that the Board failed to exercise discretion and used a "hard-and-fast" rule, Am. Compl. ¶ 62e, that the Board's decision was based on invalid rules, *id.* ¶ 62f, and that the Board's decision amounts to the application of an "irrebuttable presumption of fault on the part of the Provider." *Id.* ¶ 62g. The Court finds no need to address these other points, as they have been adequately covered at various other points in this Memorandum Opinion. Each of these contentions is meritless. In sum, the Court finds that the Board's decision was not arbitrary and capricious and not an abuse of discretion.

## IV. CONCLUSION

Based upon the foregoing, the Court shall deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. Defendant has demonstrated that the decision to deny Plaintiff's provider appeal was rational and well-supported by the evidence, not arbitrary and capricious or an abuse of discretion. Moreover, Defendant properly promulgated, pursuant to the Medicare Act, the PRM provisions regarding Medicare provider reimbursement. The Board did not act unreasonably in exercising this power to reject Plaintiff's appeal. At bottom, this appeal is nothing more than a meager attempt by a law firm to distract from its own errors. As such, the case is dismissed with prejudice. An appropriate Order accompanies this Memorandum Opinion.

COLLEEN KOLLAR-KOTELLY
United States District Judge
9/30/02

-17-

OCT-05-02  12:12  From:                                          T-383  P.20/20  Job-478
FROM U. S. ATTORNEY'S    OFFICE          (...)(...)(...)(...)(...)(...)(...)

Copies to:

Edith Sophia Marshall
James Calvin Pyles
12th Floor
POWERS, PYLES, SUTTER & VERVILLE, P.C.
1875 I Street, NW
Washington, DC 20006-5409

Miranda B. Jones
Department of Health and Human Services
Office of the General Counsel
Health Care Financing Division
7500 Security Boulevard, Room C2-05-23
Baltimore, MD 21244

Peter Blumberg, AUSA
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20001

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LITTLE COMPANY OF MARY HOSPITAL )
AND HEALTH CARE CENTERS, an Illinois )
not-for-profit corporation, )
                         )
           Plaintiff, )
                         )           Case No. 98 C 8232
vs. )           Judge Andersen
                         )
DONNA SHALALA, as Secretary of the U.S. )
Dept. of Health and Human Services, )
                         )
           Defendant. )

### MEMORANDUM OPINION AND ORDER

Plaintiff, Little Company of Mary Hospital and Health Care Centers ("Little Company"),

challenges the Provider Reimbursement Review Board's ("PRRB") dismissal of its cost appeal for

the 1991 fiscal year. Pending before the Court is the Secretary's motion to dismiss, or in the

alternative, for summary judgment. For the following reasons, we grant the Secretary's motion for

summary judgment.

### BACKGROUND

I.    Statutory and Regulatory Framework

This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §1395 et seq., which

establishes the federally funded health insurance program known as Medicare. Part A of Medicare

provides insurance for inpatient hospital and related post-hospital services. A hospital may

participate in the Medicare program as a provider by entering into a "provider agreement" with the

Secretary. 42 U.S.C. §1395cc. Little Company provides Medicare services as described in Part A

of Medicare.

1

APR 03 '00   11:27AM US ATTORNEY 5TH FLR                                    P.6/13

To receive reimbursement for these services, a provider must file an annual cost report with its fiscal intermediary, typically an insurance company, which acts as a paying agent under contract with the Secretary. 42 C.F.R. §413.20; 42 U.S.C. §1395h. The fiscal intermediary reviews cost reports, determines reasonable costs, and oversees payment of claims. Id. For each cost report period, the intermediary issues to the provider a Notice of Program Reimbursement ("NPR"), which reflects the intermediary's determination of the total amount of reimbursement due to the provider. 42 C.F.R. §405.1803.

If a provider disputes the fiscal intermediary's determination, it may file an appeal before the Medicare administrative tribunal, the PRRB. 42 U.S.C. §1395oo(a). The Medicare statute requires that a provider satisfy three jurisdictional requirements to receive a PRRB hearing: (1) there must be a final payment determination; (2) the amount in controversy must be $10,000 or more; and (3) the provider must file its request for a hearing within 180 days after receiving notice of the intermediary's final determination. 42 U.S.C. § 1395oo(a)(1) – 1395oo(a)(3). If the provider satisfies the jurisdictional requirements and the PRRB has the authority to decide the matter at issue, see 42 C.F.R. §405.1867, then the PRRB may hold a hearing and issue a decision. 42 U.S.C. §1395oo(f)(1); 42 C.F.R. §405.1875. The Secretary's delegate, the HCFA Administrator, may then review that decision. Id. The Administrator's decision, or that of the PRRB if the Administrator declines review, becomes the Secretary's final decision. 42 C.F.R § 405.1877. The provider may therefore request judicial review in an appropriate federal district court within sixty days of receipt of the Secretary's final decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877(a).

Under 42 U.S.C. § 1395oo(e), Congress delegated to the PRRB the authority to make rules and establish procedures that facilitate the activities of the PRRB. Pursuant to this delegation, the PRRB created the Provider Reimbursement Manual ("PRM") which establishes procedures for

2

managing the PRRB's case load, including dismissal of an appeal for the failure of the provider to comply with a PRRB order or request. 42 C.F.R. §§ 405.1835-1873. Specifically, the PRM includes a section entitled Notice of Dismissal of Board Hearing, providing that:

> [T]he Board may, at its discretion, dismiss a request for hearing when you fail to submit requested information within the period of time directed by the Board...., and do not prior to the dismissal provide an acceptable reason for your failure. Following such dismissals the Board hears requests for reinstatement submitted by the provider. The Board may also dismiss an appeal or an issue from an appeal when acceptable position papers are not submitted.

PRM § 2924.4B. The PRRB, under PRM, may also reinstate a dismissed request at its discretion.

### II. Procedural History

The relevant facts are not in dispute. Little Company received its NPR from the fiscal intermediary for its 6/30/91 cost reporting period on September 30, 1993. Little Company filed a formal appeal ("6/30/91 appeal") of the NPR on March 22, 1994. On March 7, 1995, Little Company and the intermediary submitted a list of issues for appeal. On March 28, 1995, the PRRB informed Little Company that its hearing had been set for December 1998, and the PRRB would dismiss the case if Little Company failed to file its final position paper on August 1, 1998. One year before the hearing, the PRRB sent a second letter, dated July 28, 1997, reminding Little Company of the hearing date and that a failure to file its final position papers on August 1, 1998 would result in a dismissal. Little Company's Manager of Budget and Reimbursement ("Budget Manager") went on medical leave from July 11, 1998 through August 23, 1998. On August 24, 1998, Little Company had yet to file its final position papers and the PRRB dismissed the 6/30/91 appeal request.

3

On September 1, 1998, Little Company submitted a request for reinstatement of the 6/30/91 appeal and filed the final position papers. Little Company argued that it had "good cause" due to the medical leave of its Budget Manager and that it did not know what issues to include in the position paper due to settlements between Little Company and the intermediary. Little Company also notified the PRRB that it would lose in excess of one million dollars ($1,000,000.00) if the PRRB did not reinstate its appeal. On October 23, 1998, the PRRB denied Little Company's request to reinstate. In its decision, the PRRB disregarded Little Company's rationale, stating that "Administrative oversight is not sufficient basis upon which to reinstate an appeal. It is the Provider's responsibility to maintain its records and assign personnel to meet the Board's deadlines on a timely basis." Subsequently, Little Company filed its Complaint with this Court on December 22, 1998.

## DISCUSSION

The Secretary has filed its motion as a motion to dismiss or, in the alternative, for summary judgment. Since the inception of this case, both parties have filed exhibits for this Court's consideration that were outside of the pleadings. Under Fed.R.Civ.P. 12(b), "if matters outside the pleadings are presented to and not excluded from the Court" in a motion to dismiss under subsection (6), the motion "shall be treated as one for summary judgment" and disposed of as provided in Rule 56. In order to avoid unfair surprise through conversion of a motion to dismiss into a motion for summary judgment, "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See Fed.R.Civ.P. 12(b) and advisory committee note; Burick v. Edward Rose & Sons, 18 F.3d 514, 516 (7th Cir. 1994). In this case, the parties were given an opportunity to present additional materials after the Court notified them that it would treat the motion as one for summary judgment. Since the Court's review is limited to a previously

4

established administrative record, there is no particular need for Rule 12(m) or 12(n) statements. The Court, therefore, will treat the motion as one for summary judgment.

Summary judgment will be granted only when it appears on the basis of all of the filings, viewed in a light most favorable to the nonmoving party, that there is no genuine issue of material fact and that the moving party is entitled to a judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). A motion for summary judgment shifts the burden to the nonmovant to show that a triable issue of fact remains on issues for which the nonmovant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Moreover, the Court must draw only reasonable inferences based on the evidence in plaintiff's favor and not all conceivable inferences. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

The Secretary raises two principal arguments in her motion for summary judgment. First, the Secretary claims that this Court lacks jurisdiction because the PRRB decision to dismiss the case does not constitute a "final decision" as required for judicial review. Alternatively, the Secretary argues that, even if this Court has jurisdiction over the PRRB decision, it should grant summary judgment because the PRRB decision is not arbitrary or capricious and is supported by substantial evidence.

I. Jurisdiction is Proper in This Court

Under the Medicare Act, the sole route for a provider to obtain judicial review of disputed claims is found in section 1395oo(f)(1). This provision states that "[p]roviders shall have the right to obtain judicial review of any final decision of the Board." The Act further provides that a "decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms or modifies the Board's decision." Thus, the issue before us is whether the PRRB's decision to dismiss Little

Company's appeal due to its failure to timely file its position papers without holding a hearing constitutes a "final decision of the Board."

We find that the PRRB's actions do constitute a "final decision." See, e.g., Kidney Center of Hollywood v. Shalala, 63 F.Supp.2d 51, 54 (D.D.C. 1999). Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by dismissing the appeals prior to hearing. Such actions would clearly thwart the statutory purposes of the Act as well as public policy. See St. Joseph's Hospital of Kansas City v. Heckler, 786 F.2d 848, 851 (8th Cir. 1986) (citations omitted). For these reasons, we find that we have jurisdiction to review Little Company's claims.

II. The Secretary's Decision is not Arbitrary and Capricious

The statute providing for judicial review of Medicare provider reimbursement decisions, 42 U.S.C. §139500(f)(1), incorporates the review standards under the APA. See Hinsdale Hospital Corp. v. Shalala, 50 F.3d 1395, 1399 (7th Cir. 1995). Under the APA, 5 U.S.C. § 706(2)(A) and (E), agency actions, findings and conclusions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-415 (1971). In determining whether the Secretary's decision is arbitrary and capricious based upon the record compiled before the agency:

> A Court lacks the power to substitute its judgment for that of the administrative agency. If the agency's findings are supported by substantial evidence and are not arbitrary or capricious, the reviewing Court cannot reverse the findings of the agency on the basis that it would have decided the case differently.

Home Health Service of the U.S., Inc. v. Schweiker, 683 F.2d 353, 356-57 (11th Cir. 1982).

Under this standard, the reviewing Court cannot reweigh the evidence, make credibility determinations, conduct a de novo review, or substitute its own judgment for that

6

of the Secretary. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Rather the Court

must determine simply whether the evidence is such that a reasonable mind might accept as

adequate to support the conclusion reached. Richardson v. Perales, 402 U.S. 389, 401

(1971). Moreover, a Court must "give substantial deference to the agency's interpretations

of its own regulations." Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994).

Congress has additionally given the Secretary discretion to create regulations governing

procedures and to adopt reasonable rules to carry out her administrative responsibilities. See

42 U.S.C. § 405(a).

Little Company first argues that the PRRB's policy of dismissing cases for the late

filing of position papers violates the providers's due process rights. Specifically, Little

Company argues that the PRRB's policy is "inequitable and seems to be one-sided in its

application and enforcement because intermediaries routinely miss position paper filing due

dates and nothing happens." We find that Little Company's due process rights have not been

violated.

First, Little Company admits that the PRRB has treated it the same as hundreds of

other late-filing providers by dismissing its appeal. Second, the fact that the PRRB may treat

providers and intermediaries differently does not implicate due process concerns. While the

provider and the intermediary may have different interests in an appeal before the PRRB,

only the provider has a direct financial interest. If the PRRB agrees that the provider is

entitled to additional reimbursement, the intermediary does not pay the difference or suffer

any financial harm. Only the provider initiates and drives the appeal. The intermediary

merely provides additional information to the PRRB to aid the PRRB in making its decision.

There is nothing arbitrary in allowing a case to proceed without the benefit of a position

7

paper arguing the intermediary's position. Thus, Little Company has failed to show that its due process rights have been violated.

Little Company next argues that it did not receive the proper notice of dismissal required by the Secretary's own guidelines. Although the PRM previously required the PRRB to give notice that it was going to dismiss the appeal prior to dismissal, the Secretary removed this requirement before Little Company filed its appeal in 1994. The PRM currently in existence and in existence when Little Company filed its appeal to the PRRB, allows for dismissal if a provider does not timely file its position paper by the due date and does not require the PRRB to give a warning that it is going to dismiss the appeal prior to actually doing it. See PRM §§ 2921.4E, 2921.5. Furthermore, the PRM §2924.4B stresses that if a provider will not be able to comply with procedural rules, time exists to provide "an acceptable reason for your failure." If the provider does not submit such a reason, the PRRB may dismiss. Thus, Little Company's argument that the PRRB did not comply with the proper notice guidelines is without merit.

Finally, Little Company argues that it had "good cause" for its failure to file timely position papers because its Budget Manager was on leave when the papers were due and because it was unsure which issues to include in the papers. We find that the PRRB's decision fully complied with its own rules and is not arbitrary or capricious.

In this case, the Secretary provided not one, but two notices to Little Company. By letter dated March 28, 1995, the PRRB advised Little Company of the hearing in December 1998, and ordered that Little Company file its position papers with the PRRB by August 1, 1998. Additionally, the PRRB sent a second letter on July 28, 1997 reminding Little

Company of the pending hearing and due date for the position papers. This letter stated that it would grant no extensions for the "due date for submissions of position papers or for the scheduled month of hearing." The PRRB also expressly warned Little Company, "if the provider fails to submit its position paper by the deadline, its case will be dismissed." Little Company admits receiving both of these notices. The Court finds that the Secretary acted within its boundaries governed by law, and thus did not act in any manner that was arbitrary or capricious.

In making our decision we are mindful of the notion that an agency, like any tribunal, must be allowed to set up its own rules and guidelines. In addition, it must be allocated the right to maintain its own internal calendar. As the Secretary points out, such systems would dissipate if claimants could ignore procedural rules. Therefore, we find that the PRRB's decision is supported by substantial evidence, and we grant the Secretary's motion for summary judgment.

## CONCLUSION

The Court concludes that it has jurisdiction to review the PRRB's dismissal of Little Company's appeal due to its failure to file timely position papers. We find that the PRRB's decision was neither capricious nor arbitrary, nor was it an abuse of the agency's discretion. Thus, we find that the material facts of this case are undisputed, and the Secretary's motion for summary judgment is granted. This case is hereby terminated. This is a final and appealable order.

It is so ordered.

Dated:

Judge Wayne R. Andersen

9

99-7775.001-DM                                    December 11, 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
                            )
SAINT JOSEPH HOSPITAL AND   )
HEALTHCARE CENTER, INC.,    )
                            )
        Plaintiff,          )
                            )
            v.              )    No.  99 C 7775
                            )
DONNA E. SHALALA, Secretary )
of Health and Human Services)
                            )
        Defendant.
```

### MEMORANDUM OPINION

Before the court are cross-motions for summary judgment. For the following reasons, plaintiff's motion is denied and defendant's motion is granted.

### BACKGROUND

#### I.  Statutory and Regulatory Framework

This action arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, et. seq., which establishes the federally funded health insurance program known as Medicare. Part A of Medicare provides insurance for inpatient hospital and related post-hospital services. A hospital may participate in the Medicare program as a provider by entering into a "provider agreement" with the Secretary. 42 U.S.C. § 1395cc. Plaintiff Saint Joseph's

-2-

Hospital (the "Hospital") provides Medicare services as described in Part A.

To receive reimbursement for these services, a provider must file an annual cost report with its fiscal intermediary, typically an insurance company, which acts as a paying agent under contract with the Secretary. 42 C.F.R. § 413.20; 42 U.S.C. § 1395h. The fiscal intermediary, in this case Blue Cross and Blue Shield of Illinois, reviews cost reports, determines reasonable costs, and oversees payment of claims. Id. For each cost report period, the intermediary issues to the provider a Notice of Program Reimbursement ("NPR"), which reflects the intermediary's determination of the total amount of reimbursement due to the provider. 42 C.F.R. § 405.1803.

If a provider disputes the fiscal intermediary's determination, it may file an appeal before the Medicare administrative tribunal, the Program Reimbursement Review Board ("PRRB" or the "Board"). 42 U.S.C. § 1395oo(a). The Medicare statute requires that a provider satisfy three jurisdictional requirements to receive a PRRB hearing: (1) there must be a final payment determination; (2) the amount in controversy must be $10,000 or more; and (3) the provider must file its request for a hearing within 180 days after receiving notice of the

-3-

intermediary's final determination. 42 U.S.C. § 1395oo(a)(1) - 1395oo(a)(3). If the provider satisfies the jurisdictional requirements and the PRRB has the authority to decide the matter at issue, see 42 C.F.R. § 405.1867, then the PRRB may hold a hearing and issue a decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875. The Secretary's delegate, the HCFA Administrator, may then review that decision. Id. The Administrator's decision, or that of the PRRB if the Administrator declines review, becomes the Secretary's final decision. 42 C.F.R. § 405.1877. The provider may request judicial review in an appropriate federal district court within sixty days of receipt of the Secretary's final decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877(a).

Under 42 U.S.C. § 1395oo(e), Congress delegated to the PRRB the authority to make rules and establish procedures that facilitate the activities of the PRRB. Pursuant to this delegation, the PRRB created the Provider Reimbursement Manual ("PRM") which establishes procedures for managing the PRRB's case load, including dismissal of an appeal for the failure of the provider to comply with a PRRB order or request. 42 C.F.R. §§ 405.1835-1873. Specifically, the PRM includes a section entitled Notice of Dismissal of Board Hearing, providing that:

[T]he Board may, at its discretion, dismiss a request for

-4-

> hearing when you fail to submit requested information
> within the period of time directed by the Board . . .,
> and do not prior to the dismissal provide an acceptable
> reason for your failure. Following such dismissals the
> Board hears requests for reinstatement submitted by the
> provider. The Board may also dismiss an appeal or an
> issue from an appeal when acceptable position papers are
> not submitted.

PRM § 2924.4B. The PRRB, under the PRM, may also reinstate a

dismissed request at its discretion.

## II. Procedural History

Here the plaintiff, Saint Joseph's Hospital (the "Hospital")

properly filed its fiscal year 1991 cost report for Medicare

services with the Intermediary, Blue Cross and Blue Shield. The

Intermediary issued an NPR on September 20, 1993 adjusting certain

of the Hospital's costs to result in a reimbursement approximately

$250,000 less than the Hospital had requested. In response, on

January 6, 1994, the Hospital filed a request for a hearing

appealing the Intermediary's adjustment.

On September 12, 1996, Steven R. Kirsch, Director of the

Division of Jurisdiction and Case Management at the PRRB sent a

letter to the Hospital addressed to Chief Financial Officer, Leo

Voet. The letter stated:

> This is to advise you that the Board will schedule a
> hearing on the subject appeal during the month of
> December 1999, or shortly thereafter. In accordance with
> the enclosed revised instructions, preliminary position

-5-

> papers are due to the Intermediary by the 1st of May
> 1999.

> Final position papers and evidence exhibits are to be
> exchanged and filed with the Board no later than the 1st
> of August 1999 (note the change in the number of copies).
> THE DUE DATES FOR BOTH PRELIMINARY AND FINAL POSITION
> PAPERS ARE FIRM DATES AND WILL NOT BE CHANGED REGARDLESS
> OF ANY MOTIONS, JURISDICTIONAL CHALLENGES, DISCOVERY
> REQUESTS, REQUESTS FOR SUBPOENAS, ETC. . . .

Certified Administrative Record at 22 (Emphasis in original).[1]

On April 30, 1999, the Hospital submitted its preliminary
position paper to the Intermediary and notified the Board of its
submission, in compliance with the schedule.  Though it was not
obligated by the PRM to do so, the Intermediary could have reviewed
the Preliminary Position Paper, perhaps met with the Hospital to
discuss settlement, and then prepared its own preliminary position
paper.  The Intermediary did none of these things.  And neither
party provided the other with a final position paper or filed a
final position paper with the Board by the due date of August 1,
1999.[2]  On August 18, 1999 the Board sent a letter to the Hospital,

---

[1]A second "reminder letter," sent from Kirsch to the Hospital on behalf of the
Board on December 30, 1997, also advising the Hospital of the position paper
schedule, is part of the Certified Administrative Record, at 18.  However, the
Hospital claims it has no record of receiving the second notice.

[2]The Intermediary's failure to submit a preliminary or final position paper is
not grounds for dismissal of the appeal.  The PRM states that if an intermediary
fails to submit its final position paper by the due date, the Board may schedule
the case for hearing and contact the HCFA regional office regarding the
intermediary's compliance with its Medicare contract.  PRM §§ 2921.5D, 2921.5E

-6-

dismissing its appeal for failure to file a final position paper.

On August 27, 1999, the Hospital asked the Board to reinstate the appeal and forwarded a copy of its preliminary position paper. On that same date, the Hospital submitted a copy of its final position paper to the Board for the first time. On September 30, 1999, the Board denied the Hospital's request. On November 12, 1999, the HCFA Administrator upheld the Board's decision and advised the Hospital that if it intended to seek judicial review in the matter, it had to initiate a civil action within 60 days of the Board's decision in accordance with 42 C.F.R. 405.1877.

On November 30, 1999 plaintiff filed a Complaint for Declaratory Judgment in this court seeking review of the Board's dismissal of its appeal and of the Administrator's refusal to reinstate. At a Rule 16 conference held on May 1, 2000, the parties agreed that summary judgment motions would be the most efficient manner to resolve the case. The parties' cross-motions are before us now.

## DISCUSSION

The Hospital's main argument is that the PRRB's decision was "arbitrary and capricious, not supported by substantial evidence, and otherwise contrary to law." It seeks an order that the Secretary remand this case to the PRRB for a hearing on the merits.

-7-

The Secretary counters with two arguments: first, that we do not have jurisdiction to hear this claim because the Board's dismissal does not constitute a "final decision" as required for judicial review; and, alternatively, that the Board's decision was not arbitrary or capricious and is, in fact, supported by substantial evidence.

## I.  Jurisdiction is Proper in This Court

The Hospital brings this action pursuant to § 1395oo(f)(1), which states:

> Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received . . .

42 U.S.C. § 1395(f)(1).  The Secretary argues that because a hearing on the merits of the Hospital's claim never occurred, a final decision was never reached; thus jurisdiction is not proper in this court.[1/] However, the Seventh Circuit held in _Edgewater Hospital, Inc. v. Bowen_, 857 F. 2d 1123, 1132 (7th Cir. 1988), that the Board's dismissal of a similar matter based on lack of

---

[1/]There is some case law to support this argument. _See, e.g. Cambridge Hosp. Ass'n. v. Bowen_, 629 F. Supp. 612, 615-616 (D. Minn. 1986)(holding that in the absence of a PRRB hearing, plaintiffs have failed to exhaust their administrative remedies and therefore no "final decision" exists for the district court to review)(collecting cases).

-8-

jurisdiction due to untimely filing was a "final" decision; thus, review before the district court was appropriate.   The Seventh Circuit noted that, " . . . while the Medicare Act and, in particular, 42 U.S.C. § 1395oo(f)(1) are structured so as to limit judicial review, there is nothing in either the statute or the legislative history which suggests that such review is limited exclusively to substantive issues." Id., quoting Athens Community Hospital, Inc. v. Schweiker, 686 F.2d 989, 994 (D.C. Cir. 1982); see also, Little Co. of Mary v. Shalala, 98-C-8232 (N.D. Ill. March 30, 2000).   The Court concluded that a dismissal for untimeliness could appropriately be considered by the district court.   Id. Accordingly, we find that we do have jurisdiction to consider the PMRB's decision in this matter.

## II. The Board's Determination Is Sustained on the Merits

The statute providing for judicial review of Medicare provider reimbursement decisions, 42 U.S.C. § 1395oo(f)(1), incorporates the review standards set forth in the Administrative Procedure Act ("APA").   See Board of Trustees of Knox County Hosp. v. Shalala, 135 F.3d 493, 499 (7th Cir. 1998).   Under the APA, 5 U.S.C. § 706(2)(A) and (E), agency actions, findings and conclusions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

-9-

with law" or "unsupported by substantial evidence." <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 413-415 (1971). Moreover, "[w]e must give substantial deference to the agency's interpretation of its own regulations." <u>Knox</u>, 135 F.3d at 499 (citations omitted).

The Hospital does not dispute that its final position paper was not filed by the August 1, 1999 deadline. The Secretary argues that this case involves nothing more than a straightforward application of the Board's published procedural rules to the facts; because the final position paper was untimely, the Board was firmly within its discretionary authority when it dismissed the Hospital's appeal. Plaintiff counters that the Board acted arbitrarily and capriciously when it refused to consider the Hospital's late position paper and to exercise its discretion to reinstate the appeal.

The Hospital's position is that the Board's decision was unfair because it failed to consider all the facts and circumstances surrounding the late filing; as the PMRB acknowledges, the only fact that it considered relevant to its decision to dismiss was that the Hospital failed to file a timely position paper. Plaintiff argues that this represented a lack of diligence on the part of the Board that was "patently unfair,"

-10-

particularly since the Board knew the Hospital was actively engaged in the appeal process (because the Hospital had filed a timely preliminary position paper). The Hospital cites several cases where the HCFA Administrator chose, in its discretion, to reinstate appeals that were dismissed under similar circumstances, and plaintiff argues that its preliminary position paper (which was submitted in a timely manner) was nearly identical to its final position paper, and therefore the Board could not have been prejudiced by the Hospital's delay. The Hospital also asserts that the Board's notice procedures were insufficient, and, finally, that the Board's procedures are biased in favor of the Intermediary (for whom there is no automatic dismissal for failure to comply with the final position paper deadline) and against the Hospital.

We disagree. The Hospital missed a deadline, and its case was dismissed. We do not find that the Board was under any obligation to consider any other facts. It dismissed the Hospital's appeal the way it would have, or could have, dismissed any other late appeal.[1] While the Hospital criticizes the Board's notice procedures, it does not claim that it was unaware of the deadline.

---

[1]That the Secretary might have intervened does not alter our conclusion that the Board acted neither arbitrarily nor capriciously when it dismissed the Hospital's appeal. The HCFA Administrator decisions to the contrary that the Hospital supplies to illustrate that the Secretary could have reinstated the appeal do not persuade us that the dismissal was inappropriate in this case.

-11-

The Hospital acknowledges receipt of at least one letter from the PRRB stating when the final position paper had to be filed. Nor does the Hospital suggest that it did not understand the procedures or that it was unaware of the PRM provision providing the Board with discretion to dismiss an appeal for lack of timely filing.[5/]

With respect to the argument that the Board treats intermediaries differently from providers, we concur in the reasoning of a recent decision from this district:

> . . . [T]he fact that the PRRB may treat providers and intermediaries differently does not implicate due process concerns. While the provider and the intermediary may have different interests in an appeal before the PRRB, only the provider has a direct financial interest. If the PRRB agrees that the provider is entitled to additional reimbursement, the intermediary does not pay the difference or suffer any financial harm. Only the provider initiates and drives the appeal. The intermediary merely provides additional information to the PRRB to aid the PRRB in making its decision. There is nothing arbitrary in allowing a case to proceed without the benefit of a position paper arguing the

---

[5/]The Hospital did not assert any reason for its lateness in its requests for reinstatement or in its initial motion before this court, which the Secretary notes in Defendant's Amended Motion for Summary Judgement in Response to Plaintiff's Motion for Summary Judgment, at 25. In its reply, the Hospital explains that this is because it "has been the Hospital's intent to work with the Board in good faith to reinstate the case, asserting appropriate legal guidelines and recognizing prior board actions with regard to similar cases, and not address personal issues." Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment ("Plaintiff's Reply"), at 4. But, because "[d]efendant's statements demand a response," the Hospital then notes that Reva Mitchell, the Hospital's Director of Reimbursement, spent the summer of 1999 out of the office obtaining treatment for cancer and related complications. Plaintiff's Reply, at 5. This information, which was never before the Board, cannot alter our conclusion that the Board's actions were appropriate.

-12-

intermediary's position.

<u>Little Co. of Mary v. Shalala</u>, No. 98-C-8232 (N.D. Ill. March 30,

2000)(Anderson, J.); <u>see also</u>, <u>Your Home Visiting Nurse Services</u>

<u>v. Shalala</u>, 525 U.S. 449, 455 ("As for the alleged 'double

standard,' given the administrative realities we would not be

shocked by a system in which underpayments could never be the

basis for reopening.") We do not find that the Board's procedures

result in any unjust or disparate treatment of the Hospital.

Furthermore, the Board must be allowed to adopt reasonable

procedural rules and guidelines to ensure the efficient management

of its caseload.[6]

Finally, the Hospital has provided no basis for estoppel in

this case.  It has described no inequitable conduct.[7]

_____

[6]Plaintiff also argues that the Board's rules governing the schedule for
position paper submission are substantive rules, and that the PRRB unfairly
enacted them without conducting the appropriate notice and comment procedures
required by the APA. 5 U.S.C. § 533. However, the notice and comment rules do
not apply to "interpretive rules, general statements of policy, or rules of
agency organization, procedure, or practice." 5 U.S.C. § 533(b). As the Supreme
Court noted with respect to another rule set forth in the PRM, "the PRM . . . is
a prototypical example of an interpretive rule." <u>Shalala v. Guernsey Mem'l
Hosp.</u>, 514 U.S. 87, 99 (1995). Likewise, we find that the rules that the Hospital
challenges in this matter are procedural and not substantive.

[7]Plaintiff makes a final argument that the Board's initial dismissal was void
because it was not done pursuant to a quorum. However, the entire Board made the
decision not to reinstate the appeal, and the Administrator declined to disturb
the decision of the Board. Furthermore, as the Secretary notes, a quorum is only
required for rendering Board decisions that are issued following a hearing. 42
C.F.R. 405.1843, 405.1845; PRM 2925.6. Plaintiff's argument is without merit.

-13-

We find that the PRRB's decision to dismiss was not arbitrary or capricious.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.  A final judgment order will be entered.


DATE:    December 11, 2000

ENTER:    _____

John F. Grady, United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAPID CITY REGIONAL HOSPITAL,    )
    )
    )
        Plaintiffs,    )
    )
      v.    )    Case No. 01:06CV01828 (GK)
    )
MICHAEL O. LEAVITT, Secretary of    )    **ECF**
    Health and Human Services,    )
    )
        Defendant.    )
    )

## <u>ORDER</u>

Upon consideration of the parties' cross-motions for summary judgment, oppositions and replies thereto, and the entire record herein, it is this ____ day of _____, 2007,

ORDERED, that Plaintiffs' Motion for Summary Judgment be, and hereby is, DENIED; and it is further

ORDERED, that Defendant's Motion for Summary Judgment be, and hereby is, GRANTED; and it is further

ORDERED, that judgment be, and hereby is, entered in favor of Defendant and against Plaintiffs.

_____
GLADYS KESSLER
United States District Judge