UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAPID CITY REGIONAL HOSPITAL, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services, )<br>)<br>Defendant. )<br>) | Case No. 01:06CV01828 (GK)<br><br>ECF |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On April 19, 2007, Plaintiff, Rapid City Regional Hospital, moved for summary judgment in the above-captioned matter. Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services ("the Secretary"), previously moved for summary judgment in this matter on June 18, 2007. On August 2, 2007, Plaintiff filed an Opposition to the Defendant's Motion for Summary Judgment and Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. This memorandum is Defendant's reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

**INTRODUCTION**

In his opening memorandum, Defendant established that he is entitled to summary judgment because (1) the standard of review under the Administrative Procedure Act ("APA") is highly deferential; (2) the Provider Review Reimbursement Board's ("PRRB" or "Board") authority to control its docket by dismissing claims for failure to meet its deadlines is well established and undisputed; (3) the Secretary's instruction that Plaintiff submit a preliminary

position paper was authorized by law; and (4) the Board's dismissal of Plaintiff's appeal was not arbitrary and capricious or outside the Board's statutory authority. Plaintiff has failed to refute any of these well-established premises, upon which the PRRB relied in reaching its decision below to dismiss Plaintiff's case.

Initially, Plaintiff disputes certain factual aspects of Defendant's Memorandum. It contests what it describes as "the Board's newly asserted reason for dismissing the Plaintiff's appeal." Pl.'s Opp'n to the Def.'s Mot. for Summ. J. and Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J., Aug. 8, 2007, at 2 ("Plaintiff's Reply" or "Pl.'s Reply"). Plaintiff contends that Defendant raises for the first time that, in addition to Plaintiff's failure to file a timely preliminary position paper, it also failed to submit copies of the final determination being appealed and the audit adjustment pages related to the disputed issues to the PRRB as required. Pl.'s Reply at 2-4. It also asserts that Defendant is incorrect in his contention that Plaintiff never properly filed its motion to reinstate its appeal. Id. at 4, 20-21.

In addition, Plaintiff urges that the Secretary was not entitled to deference with regard to his decision to dismiss Plaintiff's appeal. Id. at 4-9. It contends that, while Defendant is entitled to deference with regard to the promulgation of the agency rule permitting the dismissal, he is not entitled to deference with regard to the action of the dismissal itself. Id. Second, Plaintiff argues that the Board's authority to dismiss an appeal for failure to provide a preliminary position paper is not well-established. Id. at 9-14. Third, it contends that the Board's rule permitting dismissal for failure to file a preliminary position paper is arbitrary and capricious and in excess of its statutory authority. Id. at 14-20. Last, he urges that the Board's failure to reinstate its appeal was clear error. Id. at 20-21.

As discussed below, Plaintiff's arguments are without merit and are not persuasive. In most instances these assertions have already been advanced by Plaintiff and rebutted by Defendant in his opening memorandum.

## ARGUMENT

I.  **PLAINTIFF'S DISCUSSION OF PURPORTED NEW FACTS DOES NOT SUPPORT ITS CASE.**

Plaintiff contends that the Secretary asserts for the first time in his Memorandum that, in addition to Plaintiff's failure to timely file his preliminary position paper, the Board dismissed his appeal for his failure to comply with a request to submit copies of the final determination being appealed and the relevant audit adjustment pages to the Board. Id. at 2-3. Plaintiff argues that it logically and reasonably inferred that the PRRB's reference to "required information" in its dismissal notice was a reference merely to the certification and cover page of the preliminary position paper requested in a letter from the Board issued on the same day as the letter requesting copies of the final determination and audit adjustment pages. Id. at 3. It is true that the dismissal letter is somewhat vague, referencing only "required information" that Plaintiff failed to submit to the Board. Nevertheless, even if Plaintiff's theory about the nature of the "required information" is correct, Plaintiff still cannot prevail because the fact remains that Plaintiff failed to submit its preliminary position paper to the Board by the established deadline. See A.R. at 2. The Board dismissed Plaintiff's appeal for this reason and not because of its failure to file copies of the final determination and audit adjustment pages. Therefore, the Court need not consider PRRB's reference to "required information" in its dismissal letter as it is irrelevant.

Plaintiff also contests the Secretary's reference to the fact that it never filed a motion to reinstate its appeal with the Board. Pl.'s Reply at 4. Plaintiff argues that its motion to reinstate was submitted to the Board on December 9, 2006. Id. This is inaccurate. See, infra, at 8-9. While a copy of the motion was apparently sent by facsimile to the PRRB (see A.R. 10-28), the motion was actually filed with the fiscal intermediary and not with the Board. A.R. at 11. Plaintiff was subsequently notified of this procedural defect and instructed that it must instead file the motion with the Board directly. Id. at 8. It failed to take this simple step to cure its error. Hence, proper filing of the motion to reinstate was never perfected and a motion to reinstate is therefore not pending before the PRRB.

## II.   THE SECRETARY IS ENTITLED TO SUBSTANTIAL DEFERENCE IN DISMISSING PLAINTIFF'S APPEAL.

Plaintiff argues that while Defendant is entitled to deference in promulgating the rule that allowed the dismissal of Plaintiff's claim, he is not entitled to deference as to actions taken pursuant to that rule, namely dismissing Plaintiff's appeal. Here, Plaintiff draws an irrational distinction between the rule itself and the Secretary's authority to enforce it. Plaintiff contends that Defendant's reliance on Chevron USA, Inc. v. National Resources Defense Council, Inc., 467 U.S. 837 (1984) and Thomas Jefferson Univ. v. Shalala, 512 U.S. 504 (1994) "is inappropriate ... when it comes to analyzing the act of dismissing the Plaintiff's appeal for failing to file a Preliminary Position Paper ... because the deference discussed in Chevron and Thomas Jefferson University is only applicable when the dispute involves an Agency's statutory or regulatory interpretation and choice ... among one of many competing policy alternatives." Pl.'s Reply at 5. Plaintiff goes on to reference Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mutual

4

Auto. Ins. Co., 463 U.S. 29, 42-43 (1983), citing the case as the applicable legal standard by which to judge the lawfulness of the Secretary's decision dismissing Plaintiff's PRRB appeal. Id. at 6. Notably, however, Motor Vehicle Mfrs. Ass'n is a rulemaking case, not unlike Chevron and Thomas Jefferson University. While Plaintiff concedes that "the PRRB has the statutory and regulatory authority to propound rules to manage its significant docket or even to dismiss appeals when it is appropriate to do so" (Pl.'s Reply at 6), Plaintiff urges this Court to conclude that the PRRB should nevertheless be precluded from doing so in this case. Plaintiff has put forward no cogent argument for the premise that the Secretary is entitled to substantial deference in promulgating his policy, but not in applying it.[1] Indeed, Plaintiff can make out no such argument, since the Secretary's decision in this case is reviewable under the highly deferential Administrative Procedure Act standard. See 42 U.S.C. § 1395oo (f)(1).

### III. THE SECRETARY IS ENTITLED TO ESTABLISH DEADLINES FOR PRELIMINARY POSITION PAPERS, JUST AS HE IS ENTITLED TO ESTABLISH DEADLINES FOR FINAL ONES.

Plaintiff urges that a distinction exists between the Secretary's ability to require preliminary position papers and his ability to require final ones. Courts have acknowledged no such distinction, however. While Plaintiff readily concedes the Board's authority to "impose and enforce certain filing requirements and deadlines to aid it in processing its caseload" (Pl.'s Reply

---

[1] As an ancillary matter, Plaintiff argues that Defendant "additionally appears to concede the Plaintiff's point that the preliminary position paper is for the Intermediary's, and not the Board's benefit, (sic) when it asserts that 'the preliminary position paper must be sufficient to inform the Intermediary of issues involved in the appeal so that the parties may attempt to reach a settlement of the dispute and so that the Intermediary may prepare its own preliminary position paper.'" Pl.'s Reply at 7, n. 2. This is patently inaccurate. Indeed, Plaintiff itself notes on the following page of this submission that Defendant indicated that "the Board and the Intermediary were entitled to receive a fuller description of the bases for the provider's position than was contained in the April 21, 2006 appeal letter." Id. at 8, n. 3 (emphasis added).

at 17), Plaintiff contends that none of the cases cited in Defendant's Memorandum are on point because they pertain only to the Secretary's authority to dismiss an appeal for failure to file a final position paper, not a preliminary one.  This is incorrect.  Fully half of the cited cases involve a plaintiff's failure to file both preliminary and final position papers.  See NovaCare v. Thompson, 357 F. Supp. 2d 268, 271 (D.D.C. 2005) (referencing Plaintiff's failure to file "position papers"); High Country Home Health v. Thompson, 359 F.3d 1307, 1309 (10th Cir. 2004) ("neither the Intermediary nor the Board has any record of receiving the preliminary position paper"); Inova Alexandria Hospital v. Shalala, 244 F.3d 342, 345 (4th Cir. 2001) ("The Hospital failed to file either a preliminary or a final position paper.").  In any event, the distinction is irrelevant because the cases upholding PRRB dismissals do not turn on the particular nature of the final or preliminary position papers.   The rationale enunciated in those cases regarding the Board's authority to control its docket and weed out appeals that are not vigorously pursued applies just as much when the missed deadline is for filing of a preliminary position paper as it is for filing of a final paper.

The PRRB has the authority to determine which filings are important enough to warrant dismissal if they are not submitted.  See Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984); Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 21 (2000); Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 450 (1999).  Plaintiff concedes that the Secretary's interpretation of his own regulations is entitled to "substantial deference," and "must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (internal citation omitted); Pl.'s Reply at 15.  Plaintiff contends, however, that the Secretary

somehow has the authority to dismiss a matter where a Plaintiff fails to file a final position paper, but not where it fails to file a preliminary paper. This assertion rests on Plaintiff's presumption that the preliminary paper is required only to assist the fiscal intermediary in its settlement position and drafting its own preliminary position paper. Pl.'s Reply at 10. Plaintiff offers no authority for this premise. It is for the Secretary, not Plaintiff, to determine which papers he requires to be filed timely, and the sanction when those deadlines are not met. Here the Secretary expressly put Plaintiff on notice that failure to file either the preliminary or final position paper would result in dismissal. Plaintiff cannot escape the consequences of its failure to comply with this instruction by now manufacturing some imagined difference in the nature or function of the two types of position papers.

In fact, the provider's preliminary position paper is an important part of the early development of any PRRB appeal. In support of the contentions that dismissal for failure to file a timely preliminary position paper is in excess of the Board's authority, Plaintiff contends that the burden of ensuring that the parties' prehearing positions are developed and that all attempts at settlement have been exhausted is on the intermediary, not the provider. Id. at 15-17. This is counterintuitive, however, since it would require the Board or the intermediary to develop a provider's positions for the provider, an implausible result. The Secretary's regulations require the intermediary to review the materials that form the basis for its determination regarding the amount of program reimbursement at issue, to attempt to join in stipulations setting forth the issues remaining for resolution, and to ensure that all available documentary evidence be included in the record. 42 C.F.R. § 405.1853 (a). Such evidence will ordinarily include a position paper from both the intermediary and the provider. Id. Thus, there can be no doubt that the position

papers are required to be placed in the record for the benefit of both the parties and the Board in developing and resolving the issues presented.

Even if the sole purpose of the preliminary position paper were to aid the Intermediary in settlement efforts and constructing its own preliminary position paper, Plaintiff has not provided any rationale for why this reason alone is insufficient for the Board to require the preliminary paper's timely submission.  As noted above, the reasons the PRRB is justified in dismissing for failure to file a final position paper are the same reasons it is justified for dismissing for failure to file a preliminary position paper.  In either case, the Board is well within its authority to "help manage a docket by encouraging timely filing and by allowing the adjudicator to ignore late or improperly presented claims."  High Country Home Care, Inc. v. Thompson, 359 F.3d 1307, 1311 (10th Cir. 2004).

## CONCLUSION

For the foregoing reasons and for those adduced in the Secretary's opening brief, the Secretary respectfully requests that this Court grant his motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the Board's decision dismissing Plaintiff's administrative appeal.

    Respectfully submitted,

    /s/
    JEFFREY A. TAYLOR
    United States Attorney
    D. C. Bar No. 498610

      /s/ _____
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar No. 388582
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332


      /s/ _____
LINDA KEYSER
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room 5344, Cohen Building
330 Independence Avenue, S.W.
Washington, D.C. 20201
(202) 205-8779
Facsimile: (202) 401-1405

Counsel for Defendant

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel

MARCUS H. CHRIST
Acting Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services