IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RAPID CITY REGIONAL HOSPITAL**<br>Plaintiff<br><br>v.<br><br>**MICHAEL O. LEAVITT, Secretary,**<br>U.S. Department of Health and Human Services<br><br>Defendant | )<br>)<br>)<br>)  Civil Action No. 06-1828 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE
OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The Defendant has submitted the case of *Baptist Memorial Hospital – Golden Triangle v. Leavitt*, 536 F. Supp. 2d 25 (D.D.C. 2008)(J. Kollar-Kotelly) (referred to here as "*BMH-Golden Triangle*") as supplemental authority on the dispute before this Court. Plaintiff files this response because the *BMH-Golden Triangle* case has no relation to, or bearing on, the dispute at bar.

The undersigned is intimately aware of the *BMH-Golden Triangle* decision; he was co-counsel on the case before the District Court, and he is now co-counsel on the appeal to the D.C. Circuit Court of Appeals. While it would be inappropriate to discuss *BMH-Golden Triangle* in detail due to the fact that it is under appeal, the undersigned can say that the proffered opinion does not support the contention for which the Defendant cites it, specifically, whether the Provider Reimbursement Review Board was permitted to dismiss appeals for failure to file a Preliminary Position Paper.

Instead, as District Court Judge Kollar-Kotelly indicated at the outset of the *BMH-Golden Triangle* decision: "The central (albeit not sole) dispute in this case is whether the PRRB acted appropriately when it denied Plaintiffs an opportunity to raise the same dismissed claims in their individual appeals or subsequent group appeals." *Id.* at 26.

In *BMH-Golden Triangle*, the Board dismissed the plaintiffs' individual appeals because they raised what the Board (and ultimately the court) determined to be the same issues that had been raised in Group Appeals that had been previously dismissed for failure to file position papers. The district court action in *BMH-Golden Triangle* was therefore brought, not to contest the dismissal of the Group Appeal for failure to file a position paper, but to contest the dismissal of the later filed Individual Appeals. The plaintiffs argued, among other things, that their Individual Appeals should have been permitted because the Board should not have permitted the previously dismissed appeal to be filed as a Group Appeal in the first place.

Judge Kollar-Kotelly opined, "Plaintiffs are solely responsible for asking the Board to create their 2002 Group Appeals, and each provider framed its request as asking for the transfer of a single 'issue.'" *Id.* at 36. As a supplement to this argument, Judge Kollar-Kotelly made reference (in the portion of the decision cited by the Defendant in the Supplemental Authority at issue in the case at bar) to the Board's procedural rules and pointed out that those rules put the burden of identifying the claims at issue on the providers, in the form of the requirement to submit position papers.[1] *Id.* at 37.

---

[1] The portion of the opinion cited by Defendant, in its entirety, is as follows: "Plaintiffs are unable to identify any authority that requires the Board to substantively review the issues associated with a group appeal prior to dismissing the appeal for failing to follow

It is clear upon reading the cited portion of the *BMH-Golden Triangle* decision that the excerpt proffered by the Defendant here addressed only the issue of whether the Board had some obligation to investigate each Group Appeal to determine whether it was properly filed as a Group Appeal, <u>and not</u> whether the Board had authority to dismiss an appeal for failure to file a Preliminary Position Paper — which is the sole issue in the case at bar.

The *BMH-Golden Triangle* decision is furthermore inapplicable here because the Plaintiffs in this case are challenging the validity of the very rules to which the District Court referred (albeit tangentially) in the *BMH- Golden Triangle* opinion.

Wherefore, the Plaintiff responds that the Defendant's Supplemental Authority is not applicable to this case and should have no impact on the arguments before this court.

Respectfully Submitted,

/s/ Leslie D. Alderman III (D.C. Bar No. 477750)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave. NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@adhlawfirm.com

Counsel for Plaintiff

---

the Board's procedures. On the contrary, the PRRB's Instructions suggest just the opposite, as they repeatedly indicate that providers' appeals will be dismissed for failure to timely file position papers, without qualification. See PRRB Instructions, I.C.VIII ("[t]he Board may dismiss the group appeal if the group representative misses ... any of its deadlines"). The Court agrees with Defendant that "[i]t is not the Board's responsibility to opine on the issues underlying procedurally defaulted cases, nor is that an efficient use of its time."